**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DANIKA HARTWELL, individually and on behalf of a class of persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC. d/b/a GM FINANCIAL,<br><br>    Defendant. | CIVIL ACTION NO. 18-cv-11895 |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1453 and 1711-1715, defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial" or "Defendant") hereby gives notice of the removal of the action styled *Danika Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial*, bearing Civil Action No. BRCV2018-00660 (the "State Court Action") from the Commonwealth of Massachusetts Superior Court, Bristol County, to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, GM Financial states as follows:

**I.     BACKGROUND**

    1.    On or about July 19, 2018, Plaintiff commenced the State Court Action. A copy of the Summons and Complaint are attached as **Exhibit 1**.

    2.    On August 6, 2018, GM Financial was served with the Summons and Complaint in

the State Court Action.  See Service of Process Transmittal, attached hereto as **Exhibit 2**.

3. Plaintiff is a citizen of Massachusetts.  See Complaint, ¶ 1.

4. Defendant is a Delaware corporation with a principal place of business in Fort Worth, Texas.  See id., ¶ 2; **Exhibit 3**, *Declaration of Kevin Ingle in support of Defendant's Notice of Removal* ("Ingle Decl."), ¶ 2.

5. Plaintiff asserts a claim for a violation of the Massachusetts Commercial Code, Complaint ¶¶ 23-29, and plans to amend her Complaint to add a violation of the Massachusetts Consumer Protection Act, id. ¶ 30.  Plaintiff alleges that GM Financial failed to provide her and other Massachusetts consumers with sufficient notice concerning their post-repossession rights and obligations.

6. Plaintiff seeks to represent a putative class of similarly-situated Massachusetts residents to whom GM Financial sent a "notice identical and/or substantially similar to the Repossession Notice" Plaintiff received.  Complaint, ¶ 14.

7. Plaintiff seeks damages under the Massachusetts Uniform Commercial Code in a minimum amount of the credit service charge and 10% of the principal amount of the obligation, pursuant to M.G.L. c. 106, § 9-625, for each member of the class.  Complaint, ¶ 29 and Prayer for Relief 3.  Plaintiff paid credit service charges of $6,200.69 (her retail installment sale contract, which contract manifests her payment obligations, reflects a Finance Charge of $8,585.84 as the amount that the credit would cost her if she timely made every payment).  **Ex. 3**, Ingle Decl., ¶ 6.  Her original principal obligation, or Amount Financed on her contract, was $17,456.56.  Id.  Accordingly, Plaintiff seeks minimum individual damages not less than $7,946.35 ($6,200.69 plus 10% of $17,456.56).

8. Plaintiff also seeks declaratory relief that declares any deficiency loan[1] balances owed by class members unenforceable and "such other relief as the Court deems just." Complaint, Prayer for Relief 4, 5.

## II. GROUNDS FOR REMOVAL

9. A class action may be removed under the Class Action Fairness Act ("CAFA") when: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregated claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b).

### A. Minimal Diversity Exists.

10. GM Financial is a Delaware corporation with its principal place of business in Texas.[2] Plaintiff is a resident of Massachusetts. Thus, minimal diversity exists between the parties. 28 U.S.C. § 1332(d)(2)(A) ("Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant.").

---

[1] GM Financial does not have a "loan" with the Plaintiff. GM Financial did purchase and is the holder of a Retail Installment Sale Contract executed by the Plaintiff. GM Financial will accept Plaintiff's use of improper terminology for purposes of simplicity and this motion only.

[2] GM Financial is not a state, a state official or a government entity. See 28 U.S.C. § 1332(d)(5)(A).

    **B.**    **The Putative Class Consists of More Than 100 Members.**

11.    Plaintiff alleges that the class encompasses at least 40 customers. Complaint, ¶ 16. GM Financial has not had sufficient time to complete its analysis of the potential class and specifically denies that Plaintiff has properly identified a viable class.[3] Nonetheless, based on GM Financial's preliminary analysis, the class as alleged includes at least 1,000 members. **Ex. 3**, Ingle Decl., ¶ 8.

    **C.**    **As Alleged, the Aggregate Amount in Controversy Exceeds $5,000,000.**

12.    Taking Plaintiff's claim as typical of the claims of members of the putative class, as Plaintiff alleges, Complaint, ¶ 18, (and as they must be in order for Plaintiff to qualify as class representative), and applying the amount of her claim to the preliminary minimum putative class of 1,000 members, the amount in controversy is at least $7,946,350 (1,000 x $7,946.35). See Paragraphs 7 and 11 above.

13.    In addition, GM Financial's preliminary analysis of the putative class as a whole indicates that the amount in controversy for the putative class asserted by Plaintiff exceeds $8 million (1,000 members multiplied by: the total of average credit service charges paid of approximately $6,400 plus 10% of the average Amount Financed of approximately $19,400). See Complaint, ¶ 29 and Prayer for Relief 3, 4, and **Ex. 3**, Ingle Decl., ¶ 9.

14.    The above calculations do not take into account the deficiency collection bar that

---

[3]    GM Financial does not concede and reserves the right to challenge Plaintiff's theory of liability and damages. Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 51 (1st Cir. 2009) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

Plaintiff seeks for herself and the putative class. Complaint, Prayer for Relief 4. Plaintiff's deficiency balance is $5,198.02. **Ex. 3**, Ingle Decl. ¶ 7.

15. Thus, while GM Financial has not had sufficient time to complete its analysis of the putative class, and specifically denies that Plaintiff has properly identified a viable class, it is nevertheless clear that the amount in controversy exceeds the CAFA $5,000,000 threshold.

    **D.    Removal is Timely.**

16. Defendant has removed the action within 30 days of being served with or having received the Complaint. This Notice of Removal has, therefore, been timely filed. See 28 U.S.C. § 1446(b).

**III.    ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED**

17. This action has not previously been removed to federal court.

18. Notice has been sent to the state court regarding the removal of this action.

19. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders served upon GM Financial in the State Court Action are attached hereto as **Exhibit 4**.

20. All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service and by Notice to Parties of Removal directed to Plaintiff and which will be promptly filed in the State Court Action. A copy of the Notice to Party of Removal to be filed in the Superior Court on this date (without exhibits) is attached hereto as **Exhibit 5**.

21. Venue is proper in this district under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located in this district.

22.    Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by GM Financial of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of GM Financial's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.  GM Financial expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1453 and 1711-1715, defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial hereby removes to this Court the action styled *Danika Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial*, bearing Civil Action No. BRCV2018-00660 from the Commonwealth of Massachusetts Superior Court, Bristol County.

    Respectfully Submitted,

    Defendant,

    AMERICREDIT FINANCIAL SERVICES, INC.
    d/b/a GM FINANCIAL,
    By its attorney,


    /s/ Michael T. Grant
    Michael T. Grant, BBO #677893
    Charles A. Ognibene, BBO #377840
    LECLAIRRYAN PLLC
    60 State Street, Twenty-Third Floor
    Boston, MA  02109
    (617) 502-8200

Robert J. Brener (*pro hac* motion to be filed)
LECLAIRRYAN PLLC
885 Third Avenue 16th Floor
New York, New York 10022
(212) 634-5066

michael.grant@leclairryan.com
charles.orgnibene@leclairryan.com
robert.brener@leclairryan.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2018, a copy of the foregoing was served, via U.S. mail, postage prepaid, on the following:

Raven Moeslinger, Esq.
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
*Counsel for Plaintiff Danika Hartwell*

                                                         /s/ Michael T. Grant