UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                  )
DANIKA HARTWELL,              )
  Individually and on behalf of a class   )      C. A. NO. 1:18-CV-11895-DJC
  of persons similarly situated,        )
                                    )
      Plaintiff,               )
                                    )
v.                                  )
                                    )
AMERICREDIT FINANCIAL SERVICES, )
INC. d/b/a GM FINANCIAL,        )
                                    )
      Defendant.             )
_____)

## FIRST AMENDED CLASS ACTION COMPLAINT

### I.    INTRODUCTION

This is an action brought on behalf of Danika Hartwell and a putative class of Massachusetts consumers similarly injured by the unlawful debt collection and car repossession practices of the defendant, Americredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"). After repossessing the plaintiff's and other class members' vehicles, GM Financial sent them form post-repossession notices that failed to include key provisions required by law. The failure to provide a consumer with all appropriate repossession notices and information required by Massachusetts law gives rise to statutory and other damages.

### II.    PARTIES

1.    The Plaintiff, Danika Hartwell, resides in Taunton, Massachusetts.

2.    The Defendant, Americredit Financial Services, Inc. d/b/a GM Financial is a credit lender with a principal office located at 801 Cherry Street, Suite 3600, Fort Worth, Texas 76102.

### III.    JURISDICTION AND VENUE

1

3.      Jurisdiction and venue is proper in this Court as the Defendant is a corporation subject to suit under M. G. L. c. 223 §§ 1, 8 and the Plaintiff resides in Bristol County.

## IV.    STATEMENT OF FACTS

4.      GM Financial is a credit lender that enters into many types of consumer loans, including auto loans in Massachusetts.

5.      On or around April 13, 2015, Ms. Hartwell entered into a loan agreement with GM Financial for the purchase of a 2013 Dodge Dart (the "vehicle" or "automobile").

6.      The loan agreement included an amount financed of $17,456.56.

7.      The debt was incurred by Ms. Hartwell for primarily personal, family, or household purposes.

8.      The purchase of the vehicle was a consumer-goods transaction, as defined in M. G. L. c. 106, § 9-102(24).

9.      On or around April 5, 2018, GM Financial repossessed the automobile.

10.     On or around April 9, 2018, GM Financial sent Ms. Hartwell a notice (the "Repossession Notice") advising her of the repossession and of its intent to sell the vehicle. *See* Exhibit A, Repossession Notice.

11.     The Repossession Notice erroneously states that "[t]he money from the sale of this vehicle, less any expenses incurred by GM Financial, may reduce or increase the amount you owe. You will be required to pay GM Financial the difference if the vehicle sells, including expenses, for less than the amount you owe. If the vehicle sells, including expenses, for more than the amount you owe, you will receive a refund, unless it is necessary for GM Financial to forward this money to another party." Massachusetts law, however, requires that consumers be given explicit notice that the fair market value of the vehicle, not the sale price, will be deducted

from the amount they would owe on their loans after the sale of their vehicle.  M. G. L. c. 255B, § 20B.

12.     On information and belief, GM Financial sent form notices to at least 40 other Massachusetts consumers that were identical and/or substantially similar to the Repossession Notice attached as <u>Exhibit A</u>, and which also failed to comply with Massachusetts law, in the four years preceding the date of the filing of this Complaint.

### V.     CLASS ALLEGATIONS

13.     Ms. Hartwell brings this action on behalf of a class of all other GM Financial customers similarly situated.

14.     The class consists of all persons to whom GM Financial sent a notice identical and/or substantially similar to the Repossession Notice attached as <u>Exhibit A</u> at any time during the four-year period prior to the commencement of this action.

15.     The named plaintiff meets the requirements of M. G. L. c. 93A, § 9 to pursue this case on behalf of herself and others similarly situated. The class she seeks to represent is similarly situated because they were subjected to the same post-repossession practices.

16.     The plaintiff and class also meet the requirements of Mass. R. Civ. P. 23 to pursue this action as a class action.

17.     The class is sufficiently numerous that joinder of all members is impracticable.

18.     On information and belief, the class encompasses at least 40 customers.

19.     There are questions of law and fact which are common to all members of the class. These questions predominate over any question affecting only individual class members. The gravamen of this complaint is based on the form post-repossession notices which were sent to all potential class members that affected them in a similar manner.

20.     Ms. Hartwell's claims are typical of the claims of members of the class as all claims are based on the same factual and legal theories.

21.     Ms. Hartwell will fairly and adequately represent the interests of class members. Ms. Hartwell has no conflict with any members of the class and is capable and willing to serve as a class representative. She has retained counsel competent and experienced in class action litigation.

22.     Certification of this class pursuant to Mass. R. Civ. P. 23 is appropriate. Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to Ms. Hartwell and the class are:

   a.   Whether GM Financial failed to provide consumers with the rights and disclosures mandated by the Massachusetts Uniform Commercial Code;

   b.   Whether GM Financial failed to provide the description of the borrower's liability for a deficiency, violating UCC § 9-614(1)(B);

   c.   Whether GM Financial breached its duty of good faith in violation of M. G. L. c. 106 § 1-304; and

   d.   Whether GM Financial collected a debt in an unfair, deceptive or unreasonable manner in violation of M. G. L. c. 93 §§ 2, 49.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

   a.   The individual class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

   b.   A failure of justice will result from the absence of a class action;

   c.   Concentration of the litigation concerning this matter in this Court is desirable;

   d.   Class treatment is highly efficient given the use of common forms and procedures;

   e.   The amounts at issue for individual class members are not

4

substantial enough to make individual actions economic; and

    f.      The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## VI. CAUSES OF ACTION

### CLASS ACTION CAUSES OF ACTION

24.     For all counts that follow, the Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

### COUNT I
### Violation of the Massachusetts Commercial Code

25.     Article 9 of the Massachusetts Commercial Code, M. G. L. c. 106 § 9-101 *et seq.*, imposes duties on lenders who receive or retain security interests in personal property and conduct private repossessions of that property without first obtaining writ of replevin or other appropriate court order.

26.     By entering into a loan agreement, GM Financial engaged in a "consumer-goods transaction" for purposes of M. G. L. c. 106 § 9-102(24).

27.     After repossessing Ms. Hartwell's car and before selling it, GM Financial had the duty to comply with the notice provisions of M. G. L. c. 106 § 9-614.

28.     Pursuant to M. G. L. c. 106 § 9-614(1), in a consumer-goods transaction, a post-repossession, pre-sale notification must provide the following information:

    a.      The information specified in Section 9-613(1);

    b.      A description of any liability for a deficiency of the person to which the notification is sent;

    c.      A telephone number from which the amount that must be paid to the

secured party to redeem the collateral under Section 9-623 is available;

d.      A telephone number or mailing address from which additional information concerning the disposition and the obligation secured is available.

29.    Section 9-614 incorporates a list of information in Section 9-613(1), which states that a notice must:

    a.  Describe the debtor and the secured party;

    b.  Describe the collateral that is the subject of the intended disposition;

    c.  State the method of intended disposition;

    d.  State that the debtor is entitled to an accounting of the unpaid indebtedness and state the charge, if any, for an accounting; and

    e.  State the time and place of a public disposition or the time after which any other disposition is to be made.

30.    GM Financial failed to comply with Article 9 by incorrectly describing class members' potential liability for a deficiency, giving rise to a claim for minimum and statutory damages as provided by the statute.

31.    M. G. L. c. 106 § 9-625(c)(2) states that any violation of Article 9 gives rise to a claim for damages in a minimum amount of the credit service charge plus 10 percent of the principal amount of the obligation.

## COUNT II
### Violation of the Massachusetts Consumer Protection Act

32.    At all relevant times GM Financial was engaged in trade or commerce for purposes of M. G. L. c. 93A.

33.     M. G. L. c. 93A, §2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." M. G. L. c. 93A §9 permits any consumer injured by a violation of c. 93A, §2 to bring a civil action, including class action, for damages and injunctive relief.

34.     GM Financial violated G. L. c 93A, §2 with respect to Ms. Hartwell and each class member by engaging in collection practices that were unfair, deceptive, and/or unconscionable. GM Financial's unfair and deceptive trade practices include:

     a.  Collecting debt in an unfair or unreasonable manner in violation of M. G. L. c. 93A, §49;

     b.  Breaching its duty of good faith in violation of M. G. L. c. 106 § 1-304; and

     c.  Failing to provide Ms. Hartwell and class members with the rights and disclosures mandated by the Massachusetts Commercial Code.

35.     The consumer protection provisions of the Massachusetts Commercial Code, which include the notice requirements violated by GM Financial as described herein, are existing statutes, rules, regulations, or laws, meant for the protection of the public health, safety, or welfare promulgated by the Commonwealth within the meaning of 940 Code Mass. Regs. §3.16(3).

36.     GM Financial's unfair and deceptive practices caused the plaintiff and class members damages, including, but not limited to, depriving them of accurate information that would allow them to protect their interests, understand their debts, assert their rights, and make informed financial decisions.

37.     GM Financial's actions left class members in a worse position, with respect to asserting their rights, than they would have been had GM Financial complied with the notice requirements.

38.     Ms. Hartwell sent GM Financial a written demand for relief, identifying herself and describing its unfair or deceptive acts or practices and the injury suffered (the "Demand Letter). This Demand Letter was received by GM Financial and is attached hereto as <u>Exhibit B</u>.

39.     GM Financial replied to this demand, but it failed to in good faith tender adequate relief to the plaintiff and putative class.

40.     GM Financial willfully and knowingly violated Chapter 93A.

WHEREFORE, the Plaintiff, Ms. Hartwell, prays that the Court:

1.  Certify this case as a class action pursuant to M. G. L. c. 93A, §9;

2.  Certify this case as a class action pursuant to Mass. R. Civ. P. 23;

3.  Appoint Ms. Hartwell as class representative and the undersigned as class counsel;

4.  Enter judgment against GM Financial for minimum and statutory damages pursuant to Article 9 of the Massachusetts Commercial Code on behalf of the plaintiff and class members;

5.  Bar and declare unenforceable any deficiency loan balances owed by class members to GM Financial for its violations of Article 9 of the Massachusetts Commercial Code;

6.  Enter judgment against GM Financial pursuant to M. G. L. c. 93A, §9 for treble damages, attorneys' fees, and costs;

7.  Enjoin GM Financial from continuing to engage in, use, or employ any of the unfair and/or deceptive business acts or practices set forth in detail above; and

8.  Grant such other relief as the Court deems just.

Respectfully submitted,

DANIKA HARTWELL,
By her attorneys,

*/s/ Raven Moeslinger*

_____
Raven Moeslinger (BBO# 687956)
Nicholas F. Ortiz (BBO# 655135)
Law Office of Nicholas F. Ortiz, P. C.
99 High Street, Suite 304
Boston, MA 02110
(617) 338-9400
rm@mass-legal. com

Dated:   November 28, 2018

<u>CERTIFICATE OF SERVICE</u>

I, Raven Moeslinger, hereby certify that today I caused to be served the within on counsel for the defendants via ECF service.

*/s/ Raven Moeslinger*
_____
Raven Moeslinger

# Exhibit A

| | |
|---|---|
| **GM FINANCIAL**<br><br>AOC II - RS<br>P.O. Box 182963<br>Arlington, TX 76096-2963<br>877-894-9115 | **Date of Notice:**<br>April 9, 2018<br><br>**Account Number:**<br>466423151<br><br>**Date of Contract:**<br>April 13, 2015<br><br>**Business Hours:**<br>Mon-Thu 8A-8P ET<br>Fri 8A-5P ET<br>Sat 9A-1P ET |

DANIKA HARTWELL
87 CRANE AVE S
TAUNTON, MA 02780

Description of Property: 2013 DODGE DART
Vehicle Identification Number: 1C3CDFBAXDD303199
Date of Repossession: April 5, 2018

### NOTICE OF OUR PLAN TO SELL PROPERTY

GM Financial has repossessed the above-described vehicle because you did not abide by the agreement outlined in your contract.

The vehicle will be sold at a private sale after 20 days from the date of this notice. The money from the sale of this vehicle, less any expenses incurred by GM Financial, may reduce or increase the amount you owe. You will be required to pay GM Financial the difference if the vehicle sells, including expenses, for less than the amount you owe. If the vehicle sells, including expenses, for more than the amount you owe, you will receive a refund, unless it is necessary for GM Financial to forward this money to another party.

You can redeem your account, including expenses, in order to get the vehicle back at any time before the vehicle is sold. See page 2 for the amount you must pay as of the date of this notice. If you want an explanation in writing how this amount was figured, you may call or write GM Financial and request a written explanation. If you need more information about the sale, call the toll free number listed above or write to the above listed address.

POST_32_DEF_REIV_MA_8

**GM FINANCIAL**

AOC II - RS
4001 Embarcadero
Arlington, TX 76014
877-994-9115

Date of Notice:
April 9, 2018

Account Number:
456423151

Date of Contract:
April 13, 2015

Business Hours:
Mon-Thu 8A-8P ET
Fri 8A-5P ET
Sat 9A-1P ET

DANIKA HARTWELL
187 CRANE AVE S
TAUNTON, MA 02780

Description of Property: 2013 DODGE DART
Vehicle Identification Number: 1C3CDFBAXDD303199
Date of Repossession: April 5, 2018

## NOTICE OF RIGHT TO REDEEM

To get your vehicle back, you must pay the following amount before the vehicle is sold:

Amount Required to Redeem:

| | |
|---|---|
| Net Principal Balance: | $13,319.09 |
| Interest Due: | $255.25 |
| Repossession Expenses: | $425.00 |
| Late Charges: | $20.00 |
| Insurance Charges: | $0.00 |
| **Total amount to redeem:** | **$14,019.34** |

Additionally, if your vehicle is redeemed, you will owe a repossession facility processing fee of $100.

If this is a simple interest contract, interest charges will continue to accrue each day. These additional charges, along with any other amounts coming due and/or expenses incurred and not reflected on this notice, will be added to the total that you must pay.

If any personal property was found in the vehicle, the repossession company has removed the property from the vehicle. Please contact us at your earliest convenience at the number listed above to obtain the phone number of the repossession company. This letter is to serve as notice that after the 30th day from the date of this letter, the repossession company will dispose of any unclaimed property in a reasonable manner and distribute the proceeds according to applicable law.

POST_32_DEF_REIV_MA_B

Exhibit B

# LAW OFFICE OF NICHOLAS F. ORTIZ, P.C.

99 HIGH STREET, SUITE 304                                      TEL (617) 338 - 9400
BOSTON, MASSACHUSETTS 02110                                   FAX (617) 507 - 3456

July 17, 2018

BY CERTIFIED MAIL RETURN RECEIPT REQUESTED

President
AmeriCredit Financial Services, Inc.
801 Cherry St., Suite 3600
Fort Worth, TX 76102

RE: Demand Letter Pursuant to M.G.L. c. 93A, § 9

Dear Sir or Madam:

        This is a demand for relief pursuant to Massachusetts General Laws, Chapter 93A, § 9,

sent to AmeriCredit Financial Services, Inc. ("GM Financial") on behalf of our client, Danika

Hartwell of Taunton, Massachusetts. Please be advised that we represent Ms. Hartwell in this

matter. Ms. Hartwell makes this demand on behalf of herself and a class of persons similarly

situated. Ms. Hartwell and the class she seeks to represent have suffered damages caused by GM

Financial's unfair and deceptive automobile loan and repossession practices, which violate the

Massachusetts Uniform Commercial Code, M.G.L. c. 106 §§ 9-610 to 9-625 ("UCC"), the Code

of Massachusetts Regulations, 904 C.M.R. § 7.00 *et seq*, M.G.L. c. 255B § 20(B) and (C), and

M.G.L. c. 93A. The following summary describes these violations of law and provides GM

Financial with an opportunity to settle this matter on a class-wide basis.

        The Massachusetts Consumer Protection Act prohibits the use by a person or entity

engaged in a trade or business of "unfair or deceptive acts or practices" in the conduct of that

business. As defined by the Supreme Judicial Court of Massachusetts, a practice is unfair if it falls

within an established concept of unfairness, is unethical or oppressive, or causes substantial injury

1

to consumers. Certain acts or practices are defined by state as *per se* violations of M.G.L. c. 93A.

**Facts**

On or around April 13, 2015, Ms. Hartwell entered into a loan agreement with GM Financial in the amount of $17,456.56 for the purchase of a 2013 Dodge Dart (the "vehicle"). Per the terms of the loan agreement, Ms. Hartwell was to make monthly payments of $361.70 until her loan balance was paid off.

On or around April 5, 2018, upon alleged default on the loan, GM Financial caused the vehicle to be repossessed. After repossessing Ms. Hartwell's vehicle, GM Financial sent her a notice advising her of the repossession and of its intent to sell the vehicle. A copy of this notice is attached as Exhibit A. Your post-repossession notice failed to comply with applicable law, most notably by failing to accurately describe Ms. Hartwell's potential liability for a deficiency.

**Classwide Violations of Law**

GM Financial committed multiple violations of law in repossessing Ms. Hartwell's automobile and the automobiles of other similarly situated Massachusetts consumers. In particular, GM Financial violated the Uniform Commercial Code, the Massachusetts Retail Installment Sales Act, the Massachusetts Attorney General's Regulations, and G.L. c. 93A. GM Financial violated the UCC with respect to Ms. Hartwell and each class member by using form post-repossession notices which fail to correctly disclose the description of the borrower's liability for a deficiency, violating UCC § 9-614(1)(B).

Specifically, the repossession notice provides, with respect to the sale of the collateral and the debtor's liability for a potential deficiency: "[t]he money from the sale of this vehicle, less any expenses incurred by GM Financial, may reduce or increase the amount you owe. You will be required to pay GM Financial the difference if the vehicle sells, including expenses, for less than the amount you owe. If the vehicle sells, including expenses, for more than the amount you owe,

2

you will receive a refund, unless it is necessary for GM Financial to forward this money to another party." *See* Exhibit A. But, the notice is incorrect: under Massachusetts law, the deficiency owed by a consumer is calculated by subtracting the *fair market value* of the vehicle – not the *sale price* – from the amount the consumer owes on the loan. M.G.L. c. 255B, § 20B(e)(1).

The failure to inform a consumer, in a post-repossession notice, that the fair market value of the vehicle will be applied to their loan balance after a sale is "never" lawful under the UCC. *See Williams v. American Honda Finance Corp.*, 479 Mass. 656, 668 (2018) ("the notice that is required by the Uniform Commercial Code is never sufficient where the deficiency is not calculated based on the fair market value of the collateral and the notice fails to accurately describe how the deficiency is calculated"). Consequently, GM Financial violated the UCC § 9-614(1)(B) as to Ms. Hartwell and all class members.

Additionally, GM Financial violated G.L. c. 93A § 2 with respect to Ms. Hartwell and each class member by engaging in collection practices that were unfair, deceptive, and/or unconscionable. The violations by GM Financial were knowing and willful and include, without limitation:

- Collecting a debt in an unfair, deceptive or unreasonable manner in violation of M.G.L. c. 93 § 49;

- Breaching its duty of good faith in violation of M.G.L. c. 106 § 1-304; and

- Failing to provide class members with the rights and disclosures mandated by the UCC.

### Demand for Relief

By the actions described above, GM Financial has violated M.G.L. c. 93A and other consumer protection laws. As a result of GM Financial's actions, Ms. Hartwell and class members have suffered damages, including, without limitation, financial loss. If this matter is not resolved, the class members will be entitled to present evidence to a Court and recover for specific and

3

general damages. At a minimum, the class members will be entitled to certain statutory damages for your violations of Article 9. The statutory damages arising from your violations of Article 9 are defined under state law as an amount *not less* than the applicable loan finance charge plus 10 percent of the amount financed. *See* M.G.L., c. 106, § 9-625. Accordingly, on behalf of Ms. Hartwell and class members, we hereby demand that you:

a.  Pay statutory damages to all class members pursuant to M.G.L. c. 93A, § 9 and UCC § 9-625(c)(2);
b.  Correct your notice procedures to ensure compliance with the law; and
c.  Waive the deficiency loan balance of any and all class members.

M.G.L. c. 93A, §9 provides you with the opportunity to make a reasonable written settlement offer within thirty days of your receipt of this letter. Should Ms. Hartwell and similarly situated individuals be forced to pursue litigation in this matter, they may recover up to three times actual damages, plus attorney's fees and costs.

In this regard, I direct your attention to the Supreme Judicial Court's view of the policy behind c. 93A's settlement-encouraging directive:

> Indeed, the conduct proscribed by the Statute *is as much the failure to make a reasonable settlement offer* as it is the substantive violation of c. 93A. Multiple damages are the "appropriate punishment" for forcing Plaintiff and other similarly situated individuals to litigate clearly valid claims.
>
> *International Fid. Ins. Co. v. Wilson*, 387 Mass. 841, 857 (1983) (emphasis added) (citation omitted).

I look forward to hearing from you so that we may work toward a prompt and equitable settlement of this matter.

Best regards,

Raven Moeslinger

4