# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANIKA HARTWELL,<br>    Individually and on behalf of a class<br>    of persons similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES,<br>INC. d/b/a GM FINANCIAL,<br><br>            Defendant. | C.A. NO. 1:18-CV-11895-DJC |

## CLASS ACTION SETTLEMENT AGREEMENT

Subject to final approval by the Court and in exchange for valuable consideration as set forth herein, this Class Action Settlement Agreement (the "Agreement") dated as of April 12, 2019 is entered into by and between Danika Hartwell (the "Class Representative" or "Plaintiff"), on behalf of herself and the Settlement Class Members as defined herein, and AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GMF" or "Creditor"), intending that as among the Parties, including all Settlement Class Members, this Litigation and the Released Claims, as defined below, shall be fully and finally compromised, settled and released, and this Litigation shall be dismissed with prejudice, as to all Parties and Released Persons upon the terms and conditions set forth herein.

**WHEREAS**, Plaintiff filed a class action complaint against the Creditor in the Commonwealth of Massachusetts Superior Court, Bristol County, Case No. 1873CV00660, and GMF removed the case to this Court on September 5, 2018;

**WHEREAS**, Plaintiff subsequently filed an Amended Complaint alleging violations of the Massachusetts Uniform Commercial Code and the Massachusetts Consumer Protection Act with respect to Statutory Notices sent following repossession of Motor Vehicles (the "Litigation");

**WHEREAS,** the Creditor denies the material allegations made in the Litigation and denies any and all liability with respect to the allegations and claims alleged in the Litigation and further denies that the Settlement Class Members have suffered any damage or are entitled to any recovery;

**WHEREAS**, Plaintiff sought statutory damages under the Massachusetts Uniform Commercial Code, and contested and disputed liability for any deficiencies allegedly owed;

**WHEREAS**, sharply contested issues of both law and fact exist concerning the allegations and claims made against the Creditor;

**WHEREAS,** Class Counsel has conducted a full investigation into the facts and law relating to the Litigation, including through informal discovery;

**WHEREAS,** based on their review and analysis of the relevant facts and legal principles, Class Counsel believe that, in consideration of all the circumstances and after extensive and thorough arms' length settlement negotiations, the terms and conditions embodied in this Settlement are fair, reasonable, and adequate, and beneficial to and in the best interests of the Class Representative and the Settlement Class Members (certain capitalized terms are defined in Section 1 below), based upon the substantial benefits that this Settlement bestows upon the Settlement Class, generally as follows:

    (i)      Creditor will pay or credit One Hundred Fifty Dollars ($150.00) for the benefit of each Settlement Class Member,

    (ii)    Creditor will pay an additional Two Million Three Hundred Fifty Nine

Thousand and Fifty Dollars ($2,359,050.00) for the benefit of a subclass of the Settlement Class Members described below and for the purposes of the administrative costs of the Settlement and paying attorneys' fees and costs as approved by the Court,

(iii)   Creditor will release and waive all outstanding Deficiency Balances for all members of that subclass, being a benefit of more than Eight Million Dollars ($8,000,000.00) to those Members, and

(iv)   Creditor will pay an incentive award of Five Thousand Dollars ($5,000.00) to the Class Representative;

all as more fully described, and on and subject to the terms and conditions described herein.

**WHEREAS**, Class Counsel has fully analyzed and evaluated the merits of the Parties' contentions and this settlement as it affects the Parties, and after taking into account the foregoing along with the substantial risks of continued litigation and the likelihood that the Litigation, if not settled now, will be protracted and expensive, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate and equitable, and that a settlement of the Litigation is in the best interests of the Settlement Class Members defined below; and

**WHEREAS**, Creditor denies any liability, but nevertheless desires to settle the Litigation on the terms and conditions herein set forth, for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Litigation;

**NOW THEREFORE**, intending to be legally bound and in consideration of the covenants and agreements set forth herein, the Class Representative, the Settlement Class Members and Creditor agree to the settlement of the Litigation, subject to Court approval and the provisions contained in this Agreement, and that the Litigation and the Settled Claims against the Released Persons are fully and finally compromised, settled and released and that

the Litigation shall be dismissed with prejudice as to the Settlement Class Members as follows:

1. **DEFINITIONS.**

    1.1    "Agreement" means this Settlement Agreement.

    1.2    "Class Counsel" means the Law Office of Nicholas F. Ortiz, P.C., Boston, Massachusetts.

    1.3    "Class List" is defined in paragraph 5.2.

    1.4    "Class Period" means the period from July 19, 2014 through July 31, 2018.

    1.5    "Creditor" means AmeriCredit Financial Services, Inc. d/b/a GM Financial.

    1.6    "Deficiency Balance" for purposes of this Agreement means the account balance of each Sale Subclass Member claimed by GMF to be outstanding as of the Effective Date. For certainty, the term "Deficiency Balance" does not apply to any Settlement Class Member whose vehicle was not sold, leased, licensed or otherwise disposed by Creditor, or that was sold after GMF sent a presale notice that included the phrase "fair market value" prior to such sale.

    1.7    "Distribution Date" means ten (10) business days after the Effective Date.

    1.8    "Effective Date" of this Agreement means the date after the entry by the Court of the Final Approval Order Approving Class Action Settlement (the "Final Approval Order") and (i) the passage of the applicable period for the filing or noticing of an appeal of such Final Approval Order without an appeal having been filed; or (ii) if an appeal shall have been taken, the entry of an order affirming the Final Approval Order and the expiration of applicable period for the filing or noticing of an appeal or petition for review thereof without

a further appeal or petition for review having been filed, or the entry of any stipulation dismissing any such appeal with no right of further prosecution thereof.

1.9   "Final Approval Order" means an order of the Court approving class action settlement substantially in the form of Exhibit C to this Agreement.

1.10   "Member" or "member," in reference to any Settlement Class Member shall be determined on an account-by-account basis.  All payments and other awards shall be made singularly for each account shown on GMF's records, regardless of the number of individual obligors on such account.   Joint obligors on any account shall be treated collectively as a single class member and are referred to collectively herein in the singular as a "member."

1.11   "Motor Vehicle" or "vehicle" means a self-propelled device on wheels that requires a license to operate (such as a car, truck, or motorcycle), in which or upon which a person may be transported upon a public highway, including, in any event, any device satisfying the definition of "motor vehicle" set forth in M.G.L. c. 255B, § 1.

1.12   "Parties" means the Class Representative, the Settlement Class Members and Creditor.

1.13   "Preliminary Approval" of this Agreement means the Court's entry of an order substantially in the form of Exhibit A hereto, conditionally certifying the Settlement Class and the Sale Subclass and preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Settlement Class Members.

1.14   "Released Claims" means and includes a release of any and all claims, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, liens, costs, losses, expenses or liabilities of any kind whatsoever ("claims"), for any relief whatsoever, whether known or unknown, that were raised in the Amended Complaint [Dkt. 16] or could

have been raised based on the factual allegations in the Amended Complaint, including in any event all claims relating to the form and content of notices sent by Creditor or any of the Released Persons to any Settlement Class Member after the Creditor's repossession of a Class Member's vehicle and after the Creditor's sale of a vehicle, including post-repossession notices of intent to sell and post-sale deficiency notices (the "Statutory Notices").

1.15  "Released Persons" means and includes the Creditor, and all of its respective officers, directors, affiliates, subsidiaries, parents, partners, insurers, employees, associates, trustees, agents, accountants, attorneys, predecessors (including, without limitation, any prior holders or servicers of the Settlement Class Members' Retail Installment Sale Contracts), successors and assigns, and any other persons or entities involved in the issuance of the Statutory Notices.

1.16  "Retail Installment Sale Contract" or "RISC" means and includes a contract to purchase a motor vehicle in installments that is governed by provisions of the Motor Vehicle Retail Installment Sales Act, Massachusetts General Laws, chapter 255B and one or more obligors thereto has a Massachusetts address.

1.17  "Sale Subclass Award Amount" means Two Million Three Hundred Fifty Nine Thousand and Fifty Dollars ($2,359,050.00).

1.18  "Sale Subclass Distribution Amount" means for each Sale Subclass Member, an amount determined under paragraph 4.3 hereof.

1.19  "Sale Subclass Members" means the obligors on the accounts in the Sale Subclass defined in paragraph 3.1 who have not timely and validly excluded themselves from

the Settlement pursuant to paragraph 7.3.  For certainty, the Sale Subclass Members are also Settlement Class Members.

1.20    "Settlement Account Credit" means, for each Settlement Class Member who has an outstanding account balance of at least One Hundred Fifty Dollars ($150.00) as of the Effective Date after application of the waiver of Deficiency Balance provided in paragraph 4.1(d), regardless of whether GMF shall have previously charged off such balance, (an "Unpaid Account Settlement Class Member"), a credit in the amount of One Hundred Fifty Dollars ($150.00) to such Settlement Class Member's account with GMF.

1.21    "Settlement Administrator" means an independent class action settlement administration company retained by Class Counsel, who is reasonably acceptable to Creditor and approved by the Court for purposes of administering the Settlement, to be compensated from the Settlement Cash Amount.

1.22    "Settlement Cash Amount" means the sum of (x) the Settlement Class Award Amount less the aggregate of Settlement Account Credits plus (y) the Sale Subclass Award Amount.

1.23    "Settlement Class Award Amount" means a defined amount equal to the number of Settlement Class Members as determined hereunder, multiplied by One Hundred Fifty Dollars ($150.00).

1.24    "Settlement Class Distribution Amount" means for each Settlement Class Member who has an outstanding account balance of less than One Hundred Fifty Dollars ($150.00) as of the Effective Date, after application of the waiver of Deficiency Balance provided in paragraph 4.1(d) (a "Paid Account Settlement Class Member"), One Hundred Fifty Dollars ($150.00).

1.25   "Settlement Class Members" means the obligors on the accounts in the Settlement Class defined in paragraph 3.1 that have not timely and validly excluded themselves from the Settlement pursuant to paragraph 7.3.

1.26   "Settlement Fund" means the funds provided by the Creditor to the Settlement Administrator for purposes of implementing this Settlement.

1.27   "Statutory Notice" is defined under the definition of "Released Claims." The "Representative's Statutory Notice" means the presale and post-sale notifications sent to the Class Representative, copies of which have been filed in the Litigation.

## 2.   GENERAL TERMS OF THE SETTLEMENT.

2.1   Conditional Nature of Settlement Agreement.   This Agreement, including all associated exhibits and attachments, is made for the sole purpose of attempting to consummate a settlement of this action on a class-wide basis.  The Agreement is made in compromise of disputed claims.  The Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions set forth in this Agreement.  Because this action was pled as a class action, this Settlement must receive approval by the Court.  Accordingly, the Parties enter into this Agreement and associated settlement (the "Settlement") on a conditional basis, subject to entry of the Final Approval Order and the occurrence events and passage of time giving rise to the Effective Date.

2.2   Effect of Disapproval.

(a)   Subject to the provisions of paragraph 2.2(b), in the event the Court does not execute and file the Final Approval Order or the associated Final Judgment does not become final for any reason, then this Agreement shall be deemed null and void *ab initio*.

This Agreement shall not be referred to, utilized or admissible for any purpose whatsoever; and any negotiations concerning the terms of the Agreement including, without limitation, the Creditor's provision of class-related data and the Class List referred to in paragraph 5.2, shall remain confidential and shall not be admissible in any proceeding for any purpose.

(b)     The Parties have agreed and hereby confirm and covenant that if the Court does not approve the Final Approval Order or the associated Final Judgment does not become final for any reason, they will settle the Sale Subclass Members on the same terms and conditions provided for the Sale Subclass Members herein, including all of the benefits and payments that each Sale Subclass Member would have received, including the payments and benefits each Sale Subclass Member would have received by virtue of being a member of the Settlement Class itself.  The Parties agree that promptly upon Class Representative's or Creditor's determination that the Final Judgment will not issue or become final, the Parties shall promptly negotiate and prepare a new settlement agreement on the terms generally described herein and in this subparagraph (b), with such changes that all Parties agree are appropriate to obtain Court approval and that are acceptable to all Parties and do not increase the cost of the settlement to the Creditor or narrow the scope of the release provided to it by the Sale Subclass Members.

2.3     Denial of Liability; No Admissions.  The Creditor denies all of the claims as to liability, damages, fees, restitution and all other forms of relief as well as all allegations asserted in the Litigation.  Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by the Creditor of any legal violations, any legal requirement or any failure to comply with any applicable law, or any wrongdoing of any type.  Except as necessary in a proceeding to

enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding for any purpose, including, without limitation, to establish any liability or admission on the part of the Creditor or any Released Persons or to establish any condition constituting a violation of or non-compliance with federal, state, local or other applicable law, or the propriety of class certification in any proceeding or action. The Parties expressly agree and represent that, in the event that the Court does not approve this Agreement, or any appellate court disapproves of this Agreement in any way that prevents the Settlement from becoming final and effective, no Party will use or attempt to use any conduct or statement of any other Party in connection with this Agreement, or any effort to seek approval of the Settlement, to affect or prejudice any other Party's rights in any ensuing litigation. The Creditor has agreed to resolve this Litigation through this Agreement, but to the extent this Agreement is deemed void or the Effective Date does not occur, the Parties do not waive, but rather expressly reserve all rights and defenses, including, without limitation, any and all rights to challenge all such claims and allegations in the Litigation upon all procedural, factual and substantive grounds, and the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Parties expressly reserve all rights and defenses as to any claims and do not waive any such rights or defenses in the event that this Agreement is not approved for any reason. The Class Representative and Class Counsel agree that the Creditor and the Released Persons retain and reserve these rights and agree not to take a position to the contrary.

3.      **CERTIFICATION OF SETTLEMENT CLASS.**

3.1     Class Certification for Settlement Purposes.   For the purposes of the Settlement and the proceedings contemplated herein, the Parties stipulate and agree that the following class (the "Settlement Class") shall be conditionally certified:

All accounts subject to a RISC with respect to which GMF sent a notice identical and/or substantially similar to the Representative's Statutory Notice attached as Exhibit A to the Amended Complaint [Dkt. 16], at any time during the Class Period, excluding: (i) any account that includes within the applicable RISC, a provision requiring either party to submit to binding non-class arbitration, (ii) any account an obligor of which received a discharge in Bankruptcy after the date he or she received such a notice, and (iii) any account where GMF has previously obtained a binding release from all obligors or obtained a judgment against all obligors.

Additionally, for the purposes of the Settlement and the proceedings contemplated herein, the Parties stipulate and agree that the following subclass of the Settlement Class (the "Sale Subclass") shall be conditionally certified:

All accounts within the Settlement Class where GMF repossessed or accepted voluntary surrender of the subject vehicle and then sold, leased, licensed or otherwise disposed of it without sending a presale notice that included the phrase "fair market value" prior to such sale or other disposition.

3.2     The Parties further stipulate and agree that Danika Hartwell shall be the Class Representative for the Settlement Class and the Sale Subclass and her counsel of record, the Law Office of Nicholas F. Ortiz, P.C., shall be appointed as Class Counsel for the Settlement Class and the Sale Subclass.

3.3     In connection with the application for Preliminary Approval of this Agreement, the Parties shall request that the Court enter an order in the form annexed hereto as <u>Exhibit A</u>, *inter alia*, preliminarily certifying the Settlement Class and Sale Subclass in accordance with the definitions in paragraph 3.1, appointing the Class Representative as the Settlement Class Representative and appointing her counsel of record as Class Counsel, and granting Preliminary Approval to the Settlement.

**4.     RELIEF FOR SETTLEMENT CLASS MEMBERS.**

4.1     <u>Relief Provided to Settlement Class Members</u>.

(a)     The Creditor shall (i) within 10 business days of the Effective Date, provide to the Settlement Administrator for the Settlement Fund the Settlement Cash Amount and (ii) in the next monthly billing cycle for each Unpaid Account Settlement Class Member, issue his/her Settlement Account Credit.

(b)     All amounts in the Settlement Fund shall be used solely for purposes of implementing this Settlement, and together with the Settlement Account Credits and the Deficiency Balance waiver described in subparagraph (d) below will be the sole basis to provide relief to members of the Settlement Class, to pay attorneys' fees and costs as approved by the Court, and to pay any notice and administration costs.

(c)     Within ten business days of receipt of the payment described in subparagraph 4.1(a)(i), the Settlement Administrator (i) shall mail to each Paid Account Settlement Class Member at the address obtained pursuant to paragraphs 5.2 or 6.2, a check for such Member's Settlement Class Distribution Amount and (ii) shall mail to each Sale Subclass Member at the address obtained pursuant to paragraphs 5.2 or 6.2, a check for such Sale Subclass Member's Sale Subclass Distribution Amount.  The Settlement Administrator

may combine the Settlement Class Distribution Amount and the Sale Subclass Distribution Amount into a single check for any Sale Subclass Member.

(d)     As of the Effective Date, the Creditor shall permanently abandon and waive any claim to any Deficiency Balances. The Parties agree that all amounts claimed due by the Creditor as Deficiency Balances are disputed. Not later than the second business day after entry of the Preliminary Approval, Creditor shall cease active collection of deficiency balances of accounts within the definition of the Sale Subclass, but before the Effective Date may continue to receive and apply payments tendered on such accounts, whether tendered pursuant to previously established payment plans or otherwise.

4.2    Settlement Fund. All funds received by the Settlement Administrator shall be deposited and held in the Settlement Fund. The Settlement Fund shall be held in a segregated, interest bearing account to be established by the Settlement Administrator.

4.3    Sale Subclass Distribution Amount. After allowing and reserving for payment of (i) the Settlement Class Distribution Amount for each Settlement Class Member not receiving a Settlement Account Credit, (ii) Class Counsel fees and costs as approved by the Court, and (iii) costs of administration, the entire remaining balance in the Settlement Fund (the "Subclass Pool") shall be allocated among each of the Sale Subclass Members as follows. First, the Settlement Administrator shall calculate the "Alleged Claim" for each Sale Subclass Member and the total of all such Alleged Claims. For these purposes, "Alleged Claim" means the total of Finance Charges stated on a Sale Subclass Member's RISC plus 10% of the Amount Financed stated thereon, as shown on the Class List. Next, the Settlement Administrator shall calculate the percentage that the Subclass Pool bears to the total Alleged Claims. Each Sale Subclass Member shall be allocated and paid, subject to

the terms hereof, the amount equal to his, her, or their Alleged Claim multiplied by that percentage (such resulting amount, the "Sale Subclass Distribution Amount").

4.4     Representative Incentive Award.   Within 10 business days of the Effective Date, the Creditor shall provide to the Settlement Administrator the additional sum of $5,000, to be paid to the Class Representative as an incentive award.   The Class Representative's incentive award shall be paid separately by check to the Class Representative, concurrently with the mailings described in paragraph 4.1(c).

4.5     Attorneys' Fees.   The Parties understand that the Class Representative intends to apply to the Court for approval of an award of attorneys' fees and expenses to be paid from the Settlement Fund in an amount not to exceed 25% of the sum of the Settlement Class Award Amount plus the Sale Subclass Award Amount.   All attorneys' fees and expenses shall be paid from the Settlement Fund only, and the amounts of such fees and expenses shall not increase in any way the Creditor's total payment as set forth in paragraphs 4.1 through 4.4 of this Agreement.   The Creditor agrees not to object to any request for reimbursement of expenses and fees in the amount described in this paragraph.   The Settlement Administrator shall pay the attorneys' fees and expenses awarded by the Court out of the Settlement Fund subject to the terms of this Settlement. For the sake of clarity, Creditor shall have no obligation to pay attorney fees (other than to the extent the Court permits the attorney fees to be paid from the Settlement Fund).   The Parties did not address the issue of attorneys' fees and expenses until after reaching agreement on the material terms of this Settlement.

5.     **IDENTIFICATION OF SETTLEMENT CLASS MEMBERS.**

5.1     The Creditor represents that to the best of its knowledge based on its thorough review of its records of customer accounts, including electronic records, the Settlement Class

contains approximately 3,909 accounts, and that the Sale Subclass contains approximately 2,273 accounts with an aggregate outstanding Deficiency Balance of $8,380,000.00.   The Creditor agrees that if the number of Sale Subclass Members on the Effective Date exceeds 105% of 2,273, it will increase the Sale Subclass Award Amount in proportion to the number of Sale Subclass Members in excess of 2,273.

5.2     Settlement Class Member Identification.

(a)     No later than ten (10) business days after entry of the Preliminary Approval Order, the Creditor will produce an electronic list (the "Class List") for the Settlement Administrator and Class Counsel containing the following information and data as of the date of such entry of a date reasonably proximate thereto:

(i)     the names and last known address of each Settlement Class Member;

(ii)    for each Sale Subclass Member, the Amount Financed and the Finance Charge shown on his/her/their RISC, the amount of service charges paid, and the outstanding Deficiency Balance; and

(iii)   for each Settlement Class Member, the amount owing to Creditor, if anything.

(b)     The Settlement Administrator will update each Settlement Class Member's last known address through the United States Postal Service National Change of Address (NCOA) database, and, if needed, by performing a search through Accurint or similar service. If needed to obtain an updated address, Creditor will provide the Settlement Administrator with Social Security Numbers upon written request.   Such information shall be provided solely to assist the Settlement Administrator in locating valid addresses where necessary.   The Creditor, through its counsel, will thereafter respond to reasonable written

inquiries, if any, by Class Counsel concerning the procedures used in updating and maintaining the list of Settlement Class Members.

5.3    <u>Process and Confidentiality of Settlement Class Identification</u>.  Creditor has provided in writing to Class Counsel (i) a description of the processes used to identify Settlement Class Members and gather the information provided under section 5.2, and summaries of information relating to Amount Financed, stated Finance Charges, service charges paid, deficiencies outstanding for each Settlement Class and each category of accounts within the class asserted in the amended complaint and excluded from the Settlement Class under clauses (i), (ii), and (iii) of the definition thereof under paragraph 3.1. Class Counsel acknowledges that it has sufficient information to determine that this Settlement is fair and reasonable and with the list to be provided under subparagraph (a) above, to effectuate it.  If the Court does not execute and enter the Final Approval Order substantially in the form of <u>Exhibit C</u> to this Agreement, or in the event that the associated Final Judgment does not become final for any reason, then Class Counsel shall destroy the writing described in this paragraph and any lists and other information provided pursuant hereto and all such information therein shall remain confidential and shall not be admissible in any proceeding for any purpose.

5.4    <u>Class Period</u>.  Creditor has demonstrated that on a date on or before the last day of the Class Period, it commenced using presale notice forms that contain the phrase "fair market value," in distinction to the presale notice sent to the Class Representative.

6.    **ADMINISTRATION OF THE SETTLEMENT**.

6.1    <u>Costs of Administration</u>. Costs of providing notice to the Settlement Class Members of the pendency and settlement of the Litigation, administering this Agreement and

making the cash payments and distributions required under this Agreement shall be paid from the Settlement Fund. Class Counsel will oversee the Settlement Administrator. No later than the hearing for preliminary approval, Class Counsel will provide the Settlement Administrator's cost proposal and estimate to administer the Settlement.

6.2    Treatment of Settlement Class Members Who Have Moved or Died. For those Settlement Class Members whose checks mailed pursuant to paragraphs 4.1 are returned by the U.S. Postal Service for lack of a current correct address, the Settlement Administrator shall seek an address correction via a social security number search through the Accurint (or similar) database for those individuals, and their checks will be re-sent to any subsequently obtained addresses. The Settlement Administrator shall have no further obligation to locate Settlement Class Members. If the Settlement Administrator receives notice that a Settlement Class Member is deceased, the Settlement Administrator will, upon receipt of proper notification and documentation, make any payment due to the Settlement Class Member's estate. "Proper notification and documentation" means, at minimum, a copy of the court filings appointing an executor, administrator or other personal representative of the estate and sufficient information as to the identity and address of the executor, administrator or personal representative to enable mailing of a check.

6.3    Uncashed/Unclaimed Checks. Those Settlement Class Members whose checks are not cashed within ninety (90) days after the Distribution Date, shall be ineligible to share in the Settlement Fund. The funds from any checks that remain uncashed after such ninety (90) day period shall be distributed to the *cy pres* beneficiaries selected by the parties and approved by the Court, as set forth in paragraph 6.5.

6.4   <u>Distribution Report</u>.   Within one hundred twenty (120) days after the Distribution Date, the Settlement Administrator shall notify Class Counsel and Creditor's Counsel in writing of the number of Settlement Class Members, the number of Settlement Class Members sent checks, the number of Settlement Class Members who did not cash the checks, the total dollar amount of the checks distributed, and the total dollar amount of cashed and uncashed checks.

6.5   <u>*Cy Pres*</u>. One hundred and thirty (130) days after the Distribution Date, the residue of the principal, if any, of any uncashed checks distributed pursuant to the terms of this Agreement shall be donated and paid (i) 50% to National Consumer Law Center, Inc. and (ii) 50% to the Jump$tart Coalition for Personal Financial Literacy, https://www.jumpstart.org/who-we-are/about/ . The Settlement Administrator shall deliver each organization's check to Class Counsel for distribution, with a copy to Creditor's Counsel.

6.6   <u>Certification of Distribution</u>.   Within twenty (20) days after the final distribution of all portions of the Settlement, the Settlement Administrator shall file a declaration certifying to the Court that the distributions provided for by this Agreement have all been timely made and shall serve a copy thereof on Class Counsel and Creditor.

6.7   <u>Termination of the Settlement by the Creditor</u>. Outside this Agreement, the Parties have entered into an agreement (the "Tip-Over Agreement") that provides agreed numbers of a Settlement Class Tip-Over Number and a Sale Subclass Tip-Over Number, which agreement shall remain confidential. The Creditor has the right, in its sole discretion, to elect to terminate and void this Agreement if total requests by Settlement Class Members to be excluded from the Settlement exceed the Settlement Class Tip-Over Number or the Sale Subclass Tip-Over Number. The Tip-Over Agreement shall not be filed with the Court

unless and until a dispute among the Parties concerning its interpretation or application arises, and in that event it shall be filed and maintained under seal.  Class Counsel will provide written notice of the number of exclusion requests by Settlement Class Members and by Sale Subclass Members within ten (10) days after the deadline for requesting exclusion, and the Creditor shall have ten (10) days after receiving such notice to serve written notice of its election to terminate this Settlement on the Court and on Class Counsel by first-class mail or electronic mail if applicable.

6.8     Dismissal of Claims.  All claims raised in the Amended Complaint shall be dismissed with prejudice upon entry of the Final Approval Order, as set forth in the Final Approval Order.

6.9     Calculation of Payments.  Neither Creditor nor Creditor's counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment, allocation or distribution of the Settlement Fund, the administration, calculation or payment of claims, the payment or withholding of any taxes, or any losses incurred in connection therewith.  These functions will be conducted by and under the direction of Class Counsel in accordance with this Agreement.

7.      **CLASS SETTLEMENT PROCEDURES.**

7.1     Motion for Preliminary Approval. Within seven (7) days after the signing of this Agreement, Class Counsel shall file a motion for preliminary approval of the proposed Settlement, which the Creditor agrees not to oppose, requesting the entry of an order in the form annexed hereto as Exhibit A, providing, among other things:

> (a)     That the Settlement is preliminarily approved as being within the range of reasonableness such that notice thereof should be given to the Settlement Class Members;

(b)    That for purposes of settlement only, the requirements for provisional certification of the Settlement Class have been satisfied, this action shall be maintained and proceed as a certified class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Settlement Class, and Danika Hartwell shall be appointed as Class Representative and her attorneys appointed as Class Counsel;

(c)    That the notice of proposed class action settlement substantially in the form attached as Exhibit B, is approved by the Court; and that the mailing of the Notice in the manner and form set forth in the Order meets all the requirements of Fed. R. Civ. P. 23 and any other applicable law, constitutes the best notice practicable under the circumstances, and shall constitute valid, due and sufficient notice to all persons entitled thereto;

(d)    That deadlines shall be established consistent with this Settlement for mailing of the Notices, and that deadlines shall be established for the filing of any objections, the filing of any requests to be excluded or to opt-out, the filing of any motions to intervene, and deadlines for the filing of any papers in connection with the Final Approval Hearing and the consideration of the approval or disapproval of the Settlement;

(e)    That any objections by the Settlement Class Members to: (i) the certification of the Settlement Class and/or the Sale Subclass and the proposed Settlement contained in the Agreement and described in the Notice, and/or (ii) the entry of the Final Approval Order, shall be heard and any papers submitted in support of such objections shall be considered by the Court at the Final Approval Hearing only if, on or before a date (or dates) to be specified in the Notice and Preliminary Approval Order, such objector timely files a written objection to the Settlement, states the basis for such objection, and serves copies of the foregoing and all other papers in support of such objections upon counsel for the Parties identified in the Notice so that such papers are actually received by such counsel by the date set by the Court. Any objections must be filed with the Court on or before the date specified in the Notice, which shall be no later than 30 days after the mailing of the Notices;

(f)    That any person who wishes to opt out of the Settlement shall mail a notice of intention to opt-out to the Settlement Administrator on or before a date specified in the Notice and Preliminary Approval Order. The notice of intention to opt out shall: (i) set forth the Settlement Class Member's full name, current address and telephone number; (ii) contain the signatures of each person obligated on the RISC; and (iii) state the intent of each signatory not to participate in the Settlement. The notice of intention to opt out shall be postmarked on or before the

date specified in the Notice, which date shall be no later than 30 days after the mailing of the Notices;

(g)   That Class Counsel's application for an award of fees and expenses, with supporting affidavits and exhibits, shall be submitted at least 10 days prior to the Final Approval Hearing;

(h)   That the Preliminary Approval Order substantially in the form of Exhibit A to the Settlement Agreement is preliminarily approved;

(i)   That a hearing or hearings shall be held before the Court, at the respective time and date to be set by the Court, to consider and determine whether the requirements for final certification of Settlement Class have been met and whether the proposed Settlement of the Litigation on the terms and conditions set forth in the Agreement, including as part of the Settlement, the payment of Class Counsel's attorneys' fees and reimbursement of expenses, is fair, reasonable and adequate and should be approved by the Court, and whether the judgment approving the Settlement and dismissing the Litigation on the merits and with prejudice against the Class Representative and the Settlement Class Members should be entered, and to consider such other matters as may properly come before the Court in connection with the Final Approval Hearing;

(j)   That the Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members (except those who filed timely and valid objections), be continued or adjourned by order of the Court;

(k)   That all Settlement Class Members will be bound by the Preliminary Approval Order; and

(l)   That the Parties shall file and serve all papers in support of the motion for entry of the Final Approval Order, which shall be substantially in the form of Exhibit C to this Settlement Agreement, for attorneys' fees and expenses, and/or in response to any valid and timely objections received by the designated counsel for the Parties identified in the Notice on or before a date (or dates) set by the Court.

7.2   Notice to Class, CAFA Notice and Settlement Administration. Class Counsel, through their chosen administrator, shall be responsible for giving notice of this Settlement to the Settlement Class Members, for all administration of the Settlement Fund, and for making the disbursements from the Settlement Fund authorized by this Settlement Agreement

following the Effective Date (subject to Court approval).  Subject to the Court's approval, the

Parties agree that notice to the Settlement Class Members shall be given by the Settlement

Administrator in the form attached hereto as Exhibit B, within ten business days after the

Creditor provides it with the Class List in the following manner: (a) the Creditor shall supply

an address list of the Settlement Class Members and the Settlement Administrator shall

update the address list as set forth in paragraph 5.3; (b) the Settlement Administrator shall

mail the notices as approved by the Court, by first class United States mail to the addresses

for the Settlement Class Members; (c) if a mailed notice is returned with a forwarding

address provided by the Postal Service, the Settlement Administrator will re-mail it to the

address or addresses provided; (d) if a mailed notice is returned without a forwarding address

provided by the Postal Service, or is otherwise designated by the Postal Service as bearing an

invalid address, that Settlement Administrator shall use the Accurint (or similar) database to

attempt to locate an updated address for the particular Settlement Class Member, and shall

re-mail the notice to the Settlement Class Member at the most recent, updated address

located.  The Creditor shall send the notice required by Section 1715 of the Class Action

Fairness Act (28 U.S.C. § 1715) to the respective Attorneys General within 10 days of filing

this Agreement.

　　　　7.3　　Opt-Outs.  The Notice described in paragraph 7.2 above shall permit any

Settlement Class Member to elect not to be part of a Settlement Class and not to be bound by

this Agreement, if, within such time as is ordered by the Court and contained in the Notice,

the affected person mails an appropriate opt-out notice to the Settlement Administrator, at the

address contained in the notice. The notice of intention to opt out shall: (i) set forth the

Settlement Class Member's full name, current address and telephone number; (ii) contain the

signatures of each person obligated on the RISC; and (iii) state an intent of all signatories not to participate in the Settlement. The notice of intention to opt out must be postmarked on or before the date specified in the Notice, which shall be no later than thirty (30) days after the initial mailing of the Notices. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member. At least ten days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a list of the persons who have complied with the requirements for exclusion from a Settlement Class and shall serve such list upon Class Counsel and Creditor's Counsel, and Class Counsel shall file such document with the Court at least five days prior to the Final Approval Hearing and serve it upon Creditor's Counsel at the same time. Upon the entry of the Final Approval Order, the persons who timely and properly requested exclusion from a Settlement Class will not be considered Settlement Class Members for purposes of this Agreement.

7.4    Order and Final Judgment.    At or before the Final Approval Hearing the Parties shall request that the Court grant Final Approval of the Settlement and enter Final Judgment in accordance with this Agreement, substantially in the form of the proposed Final Approval Order, and including any modifications by the Court, approving this Agreement as final, fair, reasonable, adequate, and binding on all Settlement Class Members, ordering that the cash payments and/or credits be made and/or applied to all Settlement Class Members, ordering any award of attorneys' fees, costs and expenses be paid to Class Counsel, and ordering that following the making of all such payments, the Litigation shall be dismissed with prejudice as to all Settlement Class Members.

8.    **RELEASES.**

8.1    Upon the Effective Date, the Class Representative on her own behalf, and each Settlement Class Member, by operation of this Release and the Final Approval Order, hereby does and shall be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged any and all of the Released Persons (as defined in paragraph 1.15 above) of and from any and all of the Released Claims (as defined in paragraph 1.14 above) and, without further action by any person, shall be deemed to have consented to the dismissal with prejudice of such claims as to all Settlement Class Members.

8.2    Upon the Effective Date, the Creditor hereby releases, settles, compromises, relinquishes and discharges each Sale Subclass Member from any liability for any Deficiency Balance.

8.3    Upon the Effective Date, the Class Representative hereby releases the Released Persons from all claims and demands of any kind and nature whatsoever.

8.4    The Class Representative and the Creditor expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity.  The Class Representative and the Creditor explicitly took that possibility into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between the Class Representative and the Creditor with the knowledge of the possibility of such losses or claims, was given in exchange for a full accord satisfaction, and discharge of all such losses or claims.

9.     **MISCELLANEOUS PROVISIONS.**

9.1     <u>Parties to Use Best Efforts to Effectuate Settlement</u>.   The Parties' Counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the Settlement on the stated terms and conditions and to obtain Final Approval of this Agreement.

9.2     <u>Governing Law</u>. This Agreement is intended to and shall be governed by the laws of the Commonwealth of Massachusetts, without regard to conflict of laws rules.  This Agreement shall be enforced in the United States District Court in the District of Massachusetts.   The Creditor, Class Representative and Settlement Class Members waive any objection that any such party may have or hereafter may have to the venue of such suit, action, or proceeding.

9.3     <u>Entire Agreement</u>. The terms and conditions set forth in this Agreement, the exhibits hereto, and the Tip-Over Agreement referred to herein, constitute the complete and exclusive statement of the Agreement between the Parties relating to the Class Claims asserted in the Amended Complaint, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.

9.4     <u>Modification Only in Writing</u>.  This Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by the Class Representative (which may be through her counsel), Class Counsel and the Creditor.  This Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

9.5   <u>No Ambiguity to be Construed in Favor of Either Party</u>.  The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto.  Accordingly, this Agreement shall be considered neutral and no ambiguity shall be construed in favor or against the Parties.

9.6   <u>Successors</u>.  This Agreement shall be binding upon, and inure to the benefit of, the respective heirs, successors and assigns of the Parties hereto.

9.7   <u>Waivers</u>.   The waiver by one party of any provisions or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

9.8   <u>Counterparts; Electronic or Facsimile Signatures Effective</u>.  This Agreement shall become effective upon its execution by all of the undersigned.  The Parties may execute this Agreement in counterparts, and execution of Counterparts shall have the same force and effect as if all Parties had signed the same instrument.  A signed counterpart exchanged electronically or via facsimile shall be as effective as an original signed counterpart.

9.9   <u>Retention of Jurisdiction</u>.   The Court shall retain jurisdiction over the interpretation, effectuation and implementation of this Agreement, and all orders entered in connection therewith and the Parties and their attorneys submit to the jurisdiction of the Court.   In any action or proceeding to enforce the terms of this Agreement or the Final Approval Order and Final Judgment, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

9.10   <u>Taxes</u>.  The Parties and their Counsel have provided no tax advice with respect to the terms of the Settlement. The Parties agree that the amount and/or existence of a debt between the Settlement Class Members and the Creditor is in dispute. The Creditor may

prepare and send a Form 1099-C to Settlement Class Members as it deems is required and appropriate under United States Internal Revenue Service rules and regulations, and each Settlement Class Member may take whatever position he or she deems appropriate with respect to income tax reporting.   In any event, the Creditor shall have no liability or responsibility for any taxes assessed to any Settlement Class Member or the Class Representative.   The delivery of funds to the Settlement Administrator and the crediting of accounts in accordance with paragraphs 4.1 through 4.4 above, shall constitute full and complete discharge of the entire obligation of the Creditor under this Agreement. The Creditor shall not have any further obligation to Plaintiff (individually or as Class Representative) or to other Settlement Class Members under this Agreement except as otherwise specifically provided in this Agreement.

9.11   <u>No Opt Out Solicitation or Inducement</u>.  Plaintiff and Class Counsel agree that they shall take no action which would or might have the effect of inducing or encouraging any person included in a Settlement Class to seek exclusion from the Class, provided that this provision shall not restrict Class Counsel from providing appropriate legal advice in response to inquiries from Settlement Class Members.

<center>&lt;End of page; Signature Page Follows&gt;</center>

DocuSign Envelope ID: F239DB11-BFFC-40D3-B5AA-9E6B13E83AB2

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this

Class Action Settlement Agreement to be executed on the dates shown below.


AGREED TO AND ACCEPTED:          Class Representative:

Dated:  April 12, 2019           *Danika Hartwell*
                                 _____
                                 DANIKA HARTWELL


                                 Class Counsel:

Dated:  April 12, 2019           By: _____
                                     Nicholas F. Ortiz, Esq.


Dated:  April 12, 2019           AMERICREDIT FINANCIAL SERVICES, INC.
                                 d/b/a GM Financial


                                 By:_____

                                 Title: _____

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Class Action Settlement Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Dated:  April ___, 2019

Class Representative:

_____
DANIKA HARTWELL

Class Counsel:

Dated:  April ____, 2019

By:_____
    Nicholas F. Ortiz, Esq.

Dated:  April _12_, 2019

AMERICREDIT FINANCIAL SERVICES, INC.
d/b/a GM Financial

By:_____

Title: _Chief Legal Officer_

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANIKA HARTWELL, | ) | |
|   Individually and on behalf of a class | ) | C.A. NO. 1:18-cv-11895-DJC |
|   of persons similarly situated, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICREDIT FINANCIAL SERVICES, | ) | |
| INC. d/b/a GM FINANCIAL, | ) | |
| | ) | |
|      Defendant. | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiff Danika Hartwell's Motion for Preliminary
Approval of Class Action Settlement with Defendant AmeriCredit Financial Services, Inc. d/b/a
GM Financial (the "Motion"). Having reviewed the Motion and documents submitted in support
of the Motion, including the Class Action Settlement Agreement dated April 12, 2019, and
exhibits thereto (collectively the "Settlement Agreement"), and having reviewed the record in the
above-captioned matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     The Settlement Agreement is hereby incorporated by reference in this Order as if
fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have
the meanings ascribed to them in the Settlement Agreement.

2.     Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, attached to
the Motion as Exhibit 1, and the Settlement provided for therein, are preliminarily approved as
(a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural

1

906215765-1

considerations of the Lawsuit, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Final Approval Hearing. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

      3.     For purposes of the Settlement, this Court hereby provisionally approves the following settlement class ("Settlement Class"):

      a.     All accounts subject to a RISC with respect to which defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GMF") sent a notice identical and/or substantially similar to the Representative's Statutory Notice attached as Exhibit A to the Amended Complaint [Dkt. 16], at any time during the Class Period, excluding: (i) any account that includes within the applicable RISC, a provision requiring either party to submit to binding non-class arbitration, (ii) any account an obligor of which received a discharge in Bankruptcy after the date he or she received such a notice, and (iii) any account where GMF has previously obtained a binding release from all obligors or obtained a judgment against all obligors.

      4.     For purposes of the Settlement, this Court also hereby provisionally approves the following subclass of the Settlement Class ("Sale Subclass"):

      a.     All accounts within the Settlement Class where GMF repossessed or accepted voluntary surrender of the subject vehicle and then sold, leased, licensed or otherwise disposed of it without sending a presale notice that included the phrase "fair market value" prior to such sale or other disposition.

      5.     For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Approval Hearing, Plaintiff is conditionally designated as the Class Representative, and Class Counsel is conditionally appointed as counsel for the Settlement Class and Sale Subclass. The law firm and attorney conditionally representing the Settlement Class and Sale Subclass is:

      Nicholas F. Ortiz
      Law Office of Nicholas F. Ortiz, P.C.
      99 High Street, Suite 304
      Boston, Massachusetts 02110

906215765-1

6.      Pursuant to the terms of the Settlement Agreement, no later than ten (10) business days after the date of this Order, GMF shall provide to Class Counsel and the Settlement Administrator designated by Class Counsel with the Class List. Within ten (10) days of receiving the Class List, and pursuant to the procedures detailed in the Settlement Agreement, under the direction of Class Counsel, the Settlement Administrator shall mail the Notice, attached to the Settlement Agreement as Exhibit B, by first class U.S. mail to all individuals listed on the Class List. Before sending the Class Notice, Class Counsel shall fill-in all applicable dates and deadlines in the Class Notice to conform with the dates and deadlines specified for such events in this Order. Class Counsel shall also have discretion to format the Class Notice in a reasonable manner before mailing to minimize mailing or administration costs.

7.      If any Class Notice mailed pursuant to the Settlement Agreement is returned by the United States Postal Service for lack of a current correct address, the Settlement Administrator shall seek an address correction via a social security number search through the Accurint (or similar) database for those individuals, and their checks will be re-sent to any subsequently obtained addresses.  The Settlement Administrator shall have no further obligation to locate Settlement Class Members.

8.      The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. The class notice plan set forth in the Settlement Agreement is approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the Settlement, and thus it is hereby approved and adopted. This Court further finds that no other notice other than that identified in the Settlement Agreement is reasonably necessary in the Lawsuit.

3

9.      Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice, postmarked no later than thirty (30) days from the last projected date for the initial mailing of Class Notice. For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must include the (a) full name, address, telephone number, and signature of the Class Member; and (b) state the Class Member's desire to opt out of the Settlement. If there is more than one obligor on a loan account subject to this Settlement, each obligor on that account must sign the Opt-Out. No person shall purport to exercise any exclusion rights of any other person, and in no event shall members of the Settlement Class who purport to opt out of the Settlement as a group, aggregate, collective or class involving more than one Settlement Class Member be considered a successful or valid opt-out; any such purported opt-out shall be void. Any Settlement Class Member who fails to timely and validly opt out of the Settlement Class under this Settlement Agreement shall be bound by the terms of this Settlement. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement.

10.     At least ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a list of the persons who have complied with the requirements for exclusion from a Settlement Class and shall serve such list upon Class Counsel and GMF's Counsel, and Class Counsel shall file such document with the Court at least five (5) days prior to the Final Approval Hearing and serve it upon GMF's Counsel at the same time.

11.     Any Class Member who is not a Successful Opt-Out and who wishes to object to or comment on any aspect of the proposed Settlement, in whole or in part, must mail a timely

4

written statement of objection to the Settlement Administrator no later than the Objections

Deadline. To be considered valid, each Objection must be timely (as judged by the filing

deadline set forth above), and must state: the case name and number; the basis for and an

explanation of the objection; and the name, address, and telephone number of the Settlement

Class Member making the objection. In addition, any objection must be personally signed by the

Settlement Class Member and, if represented by counsel, then by counsel. Objections that are

untimely and/or otherwise invalid may not be considered by this Court unless the Court orders

otherwise.

12.     A hearing (the "Final Approval Hearing") shall be held before the undersigned at

_____ a.m./p.m. on _____, 2019, at the United States District Court for the District of

Massachusetts at 1 Courthouse Way, Boston, MA 02210, to determine, among other things, (a)

whether the proposed Settlement should be finally approved as fair, reasonable and adequate, (b)

whether the Lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement

Agreement, (c) whether Class Members should be bound by the Release set forth in the

Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction

that, among other things, bars Class Members from filing, commencing, prosecuting, intervening

in, or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding

in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of

the Release, (e) whether the Settlement Class should be finally certified, (f) the amount of

attorneys' fees and costs to be awarded to Class Counsel, if any, and (g) the amounts to be

awarded to Plaintiff for her service as Class Representative. This hearing may be postponed,

adjourned, or continued by order of the Court without further written notice to the Settlement

Class.

906215765-1

13.     All other events contemplated by the Settlement Agreement to occur after this Order and before the Final Approval Hearing, and all aspects of settlement administration during that time, and all matters related to Court consideration of the Settlement, shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

14.     All proceedings in the Lawsuit, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

15.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Lawsuit or of any wrongdoing, liability, or violation of law by GMF, who vigorously denies all of the claims and allegations raised in the Lawsuit.

16.     At or after the Final Approval Hearing, the Court may approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for GMF and without future notice to Class Members.


IT IS SO ORDERED, on this, the ____ day of _____, 2019.


_____
HONORABLE DENISE J. CASPER
UNITED STATES DISTRICT COURT JUDGE

6

Exhibit B

### United States District Court for The District of Massachusetts

**You appear in the records of AmeriCredit Financial Services, Inc. d/b/a GM Financial ("Defendant") as having had your motor vehicle repossessed by Defendant between July 19, 2014 and July 31, 2018 and received a repossession notice that is a subject of this case. If this Settlement is approved by the Court, you will receive a check and/or a statement credit.**

*This Notice Is Not A Solicitation From A Lawyer.*

- Defendant's records identify you as a member of the Settlement Class in a class-action lawsuit that was filed by Danika Hartwell (the "Plaintiff" or "Named Plaintiff") against Defendant.
- The proposed settlement requires Defendant to provide Settlement Class Members with a check and/or statement credit in an amount to be determined below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **DO NOTHING** | If you do nothing you will remain eligible to participate in the Settlement, and obtain benefits. You will be bound by the Court's Final Judgment and the release of claims explained in the Settlement Agreement. | |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive any benefits from the Settlement. Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against the Defendant regarding the allegations in the Lawsuit. | Deadline: [Month Day, Year] |
| **OBJECT** | You may write to the Court about why you object to the Settlement and think it shouldn't be approved. Filing an objection does not exclude you from the Settlement. You may also attend the Final Approval Hearing and object to the settlement without sending any written objection. | Deadline: [Month Day, Year] |

- These rights and options – **and the deadlines to exercise them** – are explained in more detail below.

The Court in charge of this Lawsuit has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. *Please be patient.*

1

## BASIC INFORMATION- THIS CASE

A class action lawsuit entitled *Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial,* Case No. 1:18-CV-11895-DJC, is pending in the U.S. District Court for the District of Massachusetts (the "Lawsuit"). The Lawsuit claims that Defendant violated the Massachusetts Commercial Code and the Massachusetts Consumer Protection Act by post-repossession notices that failed to accurately describe Settlement Class Members' liability for deficiency balances, as required by law. Defendant denies these claims, has asserted numerous defenses to the action, and denies that class certification is required or appropriate.

The Court has not decided who is right or wrong in this Lawsuit. Although no decision has been made about who is right and who is wrong, both sides have agreed to a proposed Settlement. A Settlement avoids the expense, delay and uncertainty of a trial and gets relief to Settlement Class Members more quickly. The Plaintiff and the attorneys for the Settlement Class think the Settlement is best for all Settlement Class Members.

The Lawsuit is called a "Class Action" because the Class Representative is suing on behalf of other people with similar claims, called "Class Members." The parties have agreed to treat the Lawsuit as a Class Action for settlement purposes only.

## HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

You are a Settlement Class Member if you are or have been an obligor on an account with respect to which Defendant sent a notice identical and/or substantially similar to the Statutory Notice sent to the Class Representative, Danika Hartwell, between July 19, 2014 and July 31, 2018.

You are also a Member of the Sale Subclass if you are a member of the Settlement Class and your vehicle was sold, leased, licensed or otherwise disposed of by Defendant after Defendant repossessed your vehicle. Below in this notice these various types of post-repossession disposal will simply be referred to as "sold."

## THE SETTLEMENT BENEFITS – WHAT YOU GET

If the Settlement is approved by the Court, all Settlement Class Members will receive certain monetary benefits. If the Settlement is not approved by the Court, Settlement Class Members will not get any benefits of the Settlement and the parties will go back to Court for further proceedings, including possibly a trial. The parties have made their best efforts to negotiate a settlement that is fair and reasonable under the circumstances.

**What You Will Get <u>Whether Or Not</u> Defendant Sold Your Car**.

You will be entitled to receive either (a) a statement credit to your account or (b) a check. Whether you receive a statement credit or check, will depend on two things: whether your account reflects a balance owed to Defendant and, if so, whether the balance owed to Defendant is greater than $150.

*Statement Credit*: If you have a balance on your account with Defendant that is greater than $150, you will receive a statement credit in the amount of $150.

*Check*: If you have no account balance (for example, if (a) you redeemed your vehicle after Defendant repossessed it and paid off the entire account balance, or (b) you reinstated your

2

account and later paid it off), you will be entitled to receive a check for $150. Also, if your account balance is waived as described below, you will receive payment of $150 in addition to the amount described below.

**Additional Value You Will Receive If Defendant Sold Your Car**.

If Defendant repossessed your vehicle, sent you a notice substantially similar to the one the Plaintiff alleges in this case was insufficient under applicable law, and then sold or otherwise disposed of your vehicle without sending you a notice that included the phrase "fair market value" before doing so, in addition to the value described above, and you will be entitled to receive both of the two following benefits.

1. *Deficiency Balance Forgiveness*: Defendant will forgive the entirety of any deficiency amount you owe. In total, Defendant will forgive approximately $8.3 million dollars in deficiency balances as part of this Settlement; <u>AND</u>

2. *Check*: You will also be entitled to receive a check in an amount equal to your proportional share of your total possible damages under the Massachusetts Commercial Code from a Settlement Fund of $2,359,050. The amount of these checks will vary in accordance with the amount you financed from Defendant and the interest and charges you agreed to pay. The average check amount for the approximately 2273 Settlement Class Members in this Group will be $712.

**You do NOT need to do anything to receive these benefits.**

**Named Plaintiff Incentive Payment**. The Named Plaintiff will request an incentive payment of $5,000 for her services as a class representative and her efforts in bringing the Lawsuit. If the Court approves the request, the incentive payment will be paid by Defendant in addition to the Settlement Fund.

**Attorneys' Fees**. Counsel for the Settlement Class will seek attorneys' fees and costs from the Settlement Amount of one-quarter (25 percent) of the Settlement Fund, subject to approval by the Court at the Final Approval Hearing referred to below. If the Court approves the request, the fees and costs will be paid from the Settlement Fund in the amount of $736,350.

**Uncashed Checks**. Any uncashed or unclaimed checks from these settlement payments will not revert to Defendant. If approved by the Court, the aggregate amount of any uncashed or unclaimed checks will be divided equally among two organizations, namely: Jump$tart Coalition for Personal Financial Literacy and National Consumer Law Center, Inc.

### THE SETTLEMENT RELEASE—WHAT YOU WILL GIVE UP

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against Defendant. **<u>A RELEASE MEANS THAT YOU WILL NOT BE ABLE TO FILE A LAWSUIT, CONTINUE PROSECUTING A LAWSUIT, OR BE PART OF ANY OTHER LAWSUIT AGAINST DEFENDANT FOR CLAIMS RELATED TO INSUFFICIENT OR UNLAWFUL REPOSSESSION AND DEFICIENCY NOTICES.</u>**

### YOUR RIGHTS - EXCLUDE YOURSELF

906224083-1

If you are a member of the Settlement Class, you are included in the Settlement unless you request to be excluded. If you remain in the Settlement Class and this Settlement is approved by the Court, you will receive the benefits described above. If you do not want to participate in the Settlement, you can exclude yourself or "opt out." If you exclude yourself, you will not receive any benefits from the Settlement, but you will not be bound by any judgment or release in this Lawsuit and will keep your right to sue Defendant on your own if you want. If you exclude yourself, you may not object to the Settlement.

To exclude yourself, you must send a written request that contains your original signature and: **(a)** the name and case number of the Lawsuit, "*Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial,* Case No. 1:18-CV-11895-DJC"; **(b)** your full name, address, and telephone number; (c) your signature and the signatures of all co-borrowers on your account with Defendant; and **(c)** a statement that you, and every co-borrower on the account, does not wish to participate in the Settlement, postmarked no later than [Month Day, Year] to the Settlement Administrator at:

<div align="center">

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304

</div>

An opt out form is included at the end of this Notice.

**IF YOU DO NOT MAKE A TIMELY AND VALID REQUEST FOR EXCLUSION ACCORDING TO THE PROCEDURES DESCRIBED HEREIN, YOU WILL REMAIN A SETTLEMENT CLASS MEMBER AND BE BOUND BY THE SETTLEMENT.**

**YOUR RIGHTS - OBJECT TO THE SETTLEMENT**

If you do not request to be excluded, you may object to the Settlement. You may not do both. You may object in writing before the Final Approval Hearing.

<div align="center">

**Objecting in Writing**

</div>

To object in writing, send a letter saying that you object to "*Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial,* Case No. 1:18-CV-11895-DJC" to the Settlement Administrator at:

<div align="center">

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304

</div>

Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the Settlement Administrator so that it is postmarked by [Month] [Day], 2019.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION IN WRITING ACCORDING TO THE PROCEDURES DESCRIBED HEREIN, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS TO THE SETTLEMENT.**

**FINAL APPROVAL HEARING**

906224083-1

The Court will hold a hearing on _____ in Courtroom _____ at the United States District Court for the District of Massachusetts, located at 1 Courthouse Way, Boston, MA 02210, to decide whether to give final approval to the Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and costs to Class Counsel; to consider the request for an incentive payment to the Plaintiff; and to consider whether the Settlement Class Members should be bound by the Release and be prohibited from suing over Released Claims.

Please contact the Settlement Administrator or class counsel for any updates about the Settlement generally or the Final Approval Hearing specifically. At that hearing, the Court will hear any Objections and arguments concerning the fairness of the Settlement. You may attend, but you do not have to.

## GETTING MORE INFORMATION

If you have questions or would like more information, you may contact the Settlement Administrator at the postal mailing address: c/o ADMIN, or **call toll-free at 1-844-625-7313**.

You may also contact Class Counsel at the phone number and/or address listed below. Please be advised that Defendant and/or Defendant's Counsel cannot comment or otherwise provide any advice with respect to this Notice or the Settlement.

Any opt-out forms or objections should be sent to the Settlement Administrator, not to the Court. Any questions should be directed either to the Settlement Administrator or to Class Counsel, not to the Court.

**Please do not contact the Judge concerning this case.**

## WHAT IF MY ADDRESS OR OTHER INFORMATION HAS CHANGED OR CHANGES AFTER I RECEIVE MY NOTICE?

It is your responsibility to inform the Settlement Administrator of your updated information so that a check may be sent to you if the settlement is approved. You may do so at the address below:

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304

## IMPORTANT ADDRESSES

### Class Counsel:

Law Office of Nicholas F. Ortiz, P.C
99 High Street, Suite 304
Boston, MA 02110
T: (617) 338-9400
attorney@mass-legal.com

906224083-1

**Defendant's Counsel**:

Charles A. Ognibene
Michael Grant
LeClairRyan PLLC
60 State Street, 23rd Floor
Boston, MA 02109

**Class Administrator:**

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304
toll-free: (844) 625-7313

**Court**:

United States District Court for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

**IMPORTANT DATES**

XXXXXXXX            All OPT OUTS/REQUESTS FOR EXCLUSION must be
                    postmarked and mailed to the Settlement Administrator.

XXXXXXXX            ANY WRITTEN OBJECTIONS must be postmarked and mailed
                    to the Settlement Administrator.

**XXXXXXX, at __:__**      FINAL APPROVAL HEARING.


Dated: XXX XX, 2019

Optime Administration LLC

P.O. Box 3206, Brockton, MA 02304          Must be Post-Marked By: DATE

*Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial*

Case No. 1:18-CV-11895-DJC

(U.S.D.C., D. Massachusetts at Boston)

## OPT OUT FORM

I wish to exclude myself from the Settlement in *Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial,* Case No. 1:18-CV-11895-DJC. If there are co-borrowers on my account, all have signed this form and also wish to be excluded from this Settlement.

ORIGINAL SIGNATURE: _____ Date (mm/dd/yy): _____

Print full name: _____

Address: _____

City: _____ State: _____ Zip Code: _____

Telephone number: _____


Complete this portion of the form if there are co-borrowers on your account:

Co-borrower (1) full name: _____

Co-borrower (1) signature: _____

Co-borrower (2) full name: _____

Co-borrower (2) signature: _____

Return fully completed form to:

Optime Administration LLC

P.O. Box 3206, Brockton, MA 02304

Is this address different than the one in the Notice you received?: Yes _____ No _____.

7

906224083-1

Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIKA HARTWELL,<br> Individually and on behalf of a class<br> of persons similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES,<br>INC. d/b/a GM FINANCIAL,<br><br> Defendant. | C. A. NO. 2:15-cv-00517-TSZ |

## [PROPOSED] FINAL ORDER APPROVING
## CLASS ACTION SETTLEMENT AND JUDGMENT

Plaintiff Danika Hartwell ("Plaintiff" or "Class Representative"), through her counsel, has submitted to the Court a Motion for Final Approval of Settlement Agreement which seeks final approval of the parties' Settlement Agreement (the "Final Approval Motion"). Class Counsel also previously submitted their Motion for an Order Awarding Attorneys' Fees, Costs, and Incentive Award. Dkt. No. ___.

This Court preliminarily approved the Settlement Agreement by a Preliminary Approval Order dated _____, 2019. Notice was sent to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order and Settlement Agreement.

This Court has reviewed the papers filed in support of the Final Approval Motion and Motion for Attorneys' Fees, Costs, and Incentive Award, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits. The Court held a hearing on _____, 2019, at which time the parties and all other interested persons were heard in support of the proposed Settlement.

1

Based on the papers filed with the Court and the presentations made to the Court by the

parties and by other interested persons at the hearing, it appears to the Court that the Settlement

Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      This Final Order Approving Class Action Settlement and Judgment of Dismissal

("Final Approval Order") incorporates by reference all definitions contained in the Settlement

Agreement, and all terms used herein and not otherwise defined shall have the respective

meanings ascribed to them in the Settlement Agreement. The Settlement Agreement shall be

deemed incorporated herein by this reference.

2.      The Court has jurisdiction over the subject matter of this Lawsuit and over the

parties to this Lawsuit, including all Settlement Class Members for purposes of this Lawsuit.

3.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court

certifies the following class (the "Settlement Class"):

> All accounts subject to a RISC with respect to which GMF sent a
> notice identical and/or substantially similar to the Representative's
> Statutory Notice attached as Exhibit A to the Amended Complaint
> [Dkt. 16], at any time during the Class Period, excluding: (i) any
> account that includes within the applicable RISC, a provision
> requiring either party to submit to binding non-class arbitration, (ii)
> any account an obligor of which received a discharge in
> Bankruptcy after the date he or she received such a notice, and (iii)
> any account where GMF has previously obtained a binding release
> from all obligors or obtained a judgment against all obligors.

Additionally, the Court certifies the following subclass of the Settlement Class (the "Sale

Subclass"):

> All accounts within the Settlement Class where GMF repossessed
> or accepted voluntary surrender of the subject vehicle and then
> sold, leased, licensed or otherwise disposed of it without sending a

2

presale notice that included the phrase "fair market value" prior to such sale or other disposition.

In this Order, the term "Settlement Class" includes the "Sale Subclass" where appropriate.

4.      For settlement purposes only, this Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, and more specifically that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to the Court's Preliminary Approval Order, the approved Class Notice was mailed to the Settlement Class. The Court has determined that the Class Notice given to members of the Settlement Class fully and accurately informed members of the Settlement Class of all material elements of the proposed Settlement; constituted valid, due, and sufficient notice to all members of the Settlement Class; and fully complied with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

6.      The Court, having considered the relevant papers, including Plaintiff's Final Approval Motion, and any objections filed by members of the Settlement Class, finds that this Settlement, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court therefore

grants final approval to the Settlement of this Litigation in accordance with the terms of the Settlement Agreement.

7.      The Court orders the parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement.

8.      The Court dismisses the Lawsuit, and all claims and causes of action asserted therein, on the merits and with prejudice. This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

9.      This Final Approval Order and Final Judgment of dismissal with prejudice set forth herein is binding on all Settlement Class Members.

10.     Plaintiff and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims described in the Settlement Agreement against any of the Released Parties.

11.     The Court adjudges that the Class Representative and all Settlement Class Members shall, to the extent provided in the Settlement Agreement, conclusively be deemed to have released and discharged the Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GMF") and all other Released Persons from any and all of the Released Claims as provided in the Settlement Agreement.

12.     Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this

4

Settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

13.     The Plaintiff and Class Counsel have moved for an award of attorneys' fees and costs of _____ and expenses in the amount of _____. Dkt. No. ___. The Court finds that Class Counsel's requested award of attorneys' fees, costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in this amount. The Court directs the Settlement Administrator to disburse this amount to Class Counsel from the Settlement Fund as provided in the Settlement Agreement.

14.     The Plaintiff has moved for an Incentive Award of _____. Dkt. No. ___. The Court finds that the requested Incentive Award is fair and reasonable, and the Court approves the Incentive Award in this amount. The Court directs the Settlement Administrator to disburse this amount to the Plaintiff from the Settlement Fund as provided in the Settlement Agreement.

15.     Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by GMF of any fault, omission, liability, or wrongdoing. This Final Approval Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by GMF. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Settlement Class Members or GMF.

16.     Settlement Class Members were given an opportunity to object to the Settlement and to the attorneys' fees petition. There being no objections to either, the Court finds that no just reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order.

17.     Should the Settlement not become effective and final in accordance with its terms, this Final Approval Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

SO ORDERED, on this, the _____ day of _____, 2019.

_____
HONORABLE DENISE J. CASPER
UNITED STATES DISTRICT COURT JUDGE