UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIKA HARTWELL,                              )
Individually and on behalf of a class        )     C.A. NO. 1:18-cv-11895-DJC
of persons similarly situated,               )
                                             )
          Plaintiff,                         )
                                             )
v.                                           )
                                             )
AMERICREDIT FINANCIAL SERVICES, )
INC. d/b/a GM FINANCIAL,                      )
                                             )
          Defendant.                         )
_____)

## ~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter came before the Court on Plaintiff Danika Hartwell's Motion for Preliminary

Approval of Class Action Settlement with Defendant AmeriCredit Financial Services, Inc. d/b/a

GM Financial (the "Motion"). Having reviewed the Motion and documents submitted in support

of the Motion, including the Class Action Settlement Agreement dated April 12, 2019, and

exhibits thereto (collectively the "Settlement Agreement"), and having reviewed the record in the

above-captioned matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Settlement Agreement is hereby incorporated by reference in this Order as if

fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have

the meanings ascribed to them in the Settlement Agreement.

2.      Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, attached to

the Motion as Exhibit 1, and the Settlement provided for therein, are preliminarily approved as

(a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural

1

considerations of the Lawsuit, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Final Approval Hearing. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

3. For purposes of the Settlement, this Court hereby provisionally approves the following settlement class ("Settlement Class"):

 a. All accounts subject to a RISC with respect to which defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GMF") sent a notice identical and/or substantially similar to the Representative's Statutory Notice attached as Exhibit A to the Amended Complaint [Dkt. 16], at any time during the Class Period, excluding: (i) any account that includes within the applicable RISC, a provision requiring either party to submit to binding non-class arbitration, (ii) any account an obligor of which received a discharge in Bankruptcy after the date he or she received such a notice, and (iii) any account where GMF has previously obtained a binding release from all obligors or obtained a judgment against all obligors.

4. For purposes of the Settlement, this Court also hereby provisionally approves the following subclass of the Settlement Class ("Sale Subclass"):

 a. All accounts within the Settlement Class where GMF repossessed or accepted voluntary surrender of the subject vehicle and then sold, leased, licensed or otherwise disposed of it without sending a presale notice that included the phrase "fair market value" prior to such sale or other disposition.

5. For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Approval Hearing, Plaintiff is conditionally designated as the Class Representative, and Class Counsel is conditionally appointed as counsel for the Settlement Class and Sale Subclass. The law firm and attorney conditionally representing the Settlement Class and Sale Subclass is:

 Nicholas F. Ortiz
 Law Office of Nicholas F. Ortiz, P.C.
 99 High Street, Suite 304
 Boston, Massachusetts 02110

2

906215765-1

6.      Pursuant to the terms of the Settlement Agreement, no later than ten (10) business days after the date of this Order, GMF shall provide to Class Counsel and the Settlement Administrator designated by Class Counsel with the Class List. Within ten (10) days of receiving the Class List, and pursuant to the procedures detailed in the Settlement Agreement, under the direction of Class Counsel, the Settlement Administrator shall mail the Notice, attached to the Settlement Agreement as Exhibit B, by first class U.S. mail to all individuals listed on the Class List. Before sending the Class Notice, Class Counsel shall fill-in all applicable dates and deadlines in the Class Notice to conform with the dates and deadlines specified for such events in this Order. Class Counsel shall also have discretion to format the Class Notice in a reasonable manner before mailing to minimize mailing or administration costs.

7.      If any Class Notice mailed pursuant to the Settlement Agreement is returned by the United States Postal Service for lack of a current correct address, the Settlement Administrator shall seek an address correction via a social security number search through the Accurint (or similar) database for those individuals, and their checks will be re-sent to any subsequently obtained addresses.  The Settlement Administrator shall have no further obligation to locate Settlement Class Members.

8.      The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. The class notice plan set forth in the Settlement Agreement is approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the Settlement, and thus it is hereby approved and adopted. This Court further finds that no other notice other than that identified in the Settlement Agreement is reasonably necessary in the Lawsuit.

3

9.      Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice, postmarked no later than thirty (30) days from the last projected date for the initial mailing of Class Notice. For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must include the (a) full name, address, telephone number, and signature of the Class Member; and (b) state the Class Member's desire to opt out of the Settlement. If there is more than one obligor on a loan account subject to this Settlement, each obligor on that account must sign the Opt-Out. No person shall purport to exercise any exclusion rights of any other person, and in no event shall members of the Settlement Class who purport to opt out of the Settlement as a group, aggregate, collective or class involving more than one Settlement Class Member be considered a successful or valid opt-out; any such purported opt-out shall be void. Any Settlement Class Member who fails to timely and validly opt out of the Settlement Class under this Settlement Agreement shall be bound by the terms of this Settlement. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement.

10.     At least ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a list of the persons who have complied with the requirements for exclusion from a Settlement Class and shall serve such list upon Class Counsel and GMF's Counsel, and Class Counsel shall file such document with the Court at least five (5) days prior to the Final Approval Hearing and serve it upon GMF's Counsel at the same time.

11.     Any Class Member who is not a Successful Opt-Out and who wishes to object to or comment on any aspect of the proposed Settlement, in whole or in part, must mail a timely

4

written statement of objection to the Settlement Administrator no later than the Objections
Deadline. To be considered valid, each Objection must be timely (as judged by the filing
deadline set forth above), and must state: the case name and number; the basis for and an
explanation of the objection; and the name, address, and telephone number of the Settlement
Class Member making the objection. In addition, any objection must be personally signed by the
Settlement Class Member and, if represented by counsel, then by counsel. Objections that are
untimely and/or otherwise invalid may not be considered by this Court unless the Court orders
otherwise.

12.     A hearing (the "Final Approval Hearing") shall be held before the undersigned at
__11.00__ a.m./p.m. on __8/28__, 2019, at the United States District Court for the District of
Massachusetts at 1 Courthouse Way, Boston, MA 02210, to determine, among other things, (a)
whether the proposed Settlement should be finally approved as fair, reasonable and adequate, (b)
whether the Lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement
Agreement, (c) whether Class Members should be bound by the Release set forth in the
Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction
that, among other things, bars Class Members from filing, commencing, prosecuting, intervening
in, or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding
in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of
the Release, (e) whether the Settlement Class should be finally certified, (f) the amount of
attorneys' fees and costs to be awarded to Class Counsel, if any, and (g) the amounts to be
awarded to Plaintiff for her service as Class Representative. This hearing may be postponed,
adjourned, or continued by order of the Court without further written notice to the Settlement
Class.

5

13.     All other events contemplated by the Settlement Agreement to occur after this Order and before the Final Approval Hearing, and all aspects of settlement administration during that time, and all matters related to Court consideration of the Settlement, shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

14.     All proceedings in the Lawsuit, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

15.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Lawsuit or of any wrongdoing, liability, or violation of law by GMF, who vigorously denies all of the claims and allegations raised in the Lawsuit.

16.     At or after the Final Approval Hearing, the Court may approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for GMF and without future notice to Class Members.

IT IS SO ORDERED, on this, the 13th day of May , 2019.

HONORABLE DENISE J. CASPER
UNITED STATES DISTRICT COURT JUDGE

# Exhibit B

## United States District Court for The District of Massachusetts

**You appear in the records of AmeriCredit Financial Services, Inc. d/b/a GM Financial ("Defendant") as having had your motor vehicle repossessed by Defendant between July 19, 2014 and July 31, 2018 and received a repossession notice that is a subject of this case. If this Settlement is approved by the Court, you will receive a check and/or a statement credit.**

*This Notice Is Not A Solicitation From A Lawyer.*

- Defendant's records identify you as a member of the Settlement Class in a class-action lawsuit that was filed by Danika Hartwell (the "Plaintiff" or "Named Plaintiff") against Defendant.
- The proposed settlement requires Defendant to provide Settlement Class Members with a check and/or statement credit in an amount to be determined below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **DO NOTHING** | If you do nothing you will remain eligible to participate in the Settlement, and obtain benefits. You will be bound by the Court's Final Judgment and the release of claims explained in the Settlement Agreement. | |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive any benefits from the Settlement. Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against the Defendant regarding the allegations in the Lawsuit. | Deadline: [Month Day, Year] |
| **OBJECT** | You may write to the Court about why you object to the Settlement and think it shouldn't be approved. Filing an objection does not exclude you from the Settlement. You may also attend the Final Approval Hearing and object to the settlement without sending any written objection. | Deadline: [Month Day, Year] |

- These rights and options – **and the deadlines to exercise them** – are explained in more detail below.

The Court in charge of this Lawsuit has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. *Please be patient.*

906224083-1

## BASIC INFORMATION- THIS CASE

A class action lawsuit entitled *Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial*, Case No. 1:18-CV-11895-DJC, is pending in the U.S. District Court for the District of Massachusetts (the "Lawsuit"). The Lawsuit claims that Defendant violated the Massachusetts Commercial Code and the Massachusetts Consumer Protection Act by post-repossession notices that failed to accurately describe Settlement Class Members' liability for deficiency balances, as required by law. Defendant denies these claims, has asserted numerous defenses to the action, and denies that class certification is required or appropriate.

The Court has not decided who is right or wrong in this Lawsuit. Although no decision has been made about who is right and who is wrong, both sides have agreed to a proposed Settlement. A Settlement avoids the expense, delay and uncertainty of a trial and gets relief to Settlement Class Members more quickly. The Plaintiff and the attorneys for the Settlement Class think the Settlement is best for all Settlement Class Members.

The Lawsuit is called a "Class Action" because the Class Representative is suing on behalf of other people with similar claims, called "Class Members." The parties have agreed to treat the Lawsuit as a Class Action for settlement purposes only.

## HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

You are a Settlement Class Member if you are or have been an obligor on an account with respect to which Defendant sent a notice identical and/or substantially similar to the Statutory Notice sent to the Class Representative, Danika Hartwell, between July 19, 2014 and July 31, 2018.

You are also a Member of the Sale Subclass if you are a member of the Settlement Class and your vehicle was sold, leased, licensed or otherwise disposed of by Defendant after Defendant repossessed your vehicle. Below in this notice these various types of post-repossession disposal will simply be referred to as "sold."

## THE SETTLEMENT BENEFITS – WHAT YOU GET

If the Settlement is approved by the Court, all Settlement Class Members will receive certain monetary benefits. If the Settlement is not approved by the Court, Settlement Class Members will not get any benefits of the Settlement and the parties will go back to Court for further proceedings, including possibly a trial. The parties have made their best efforts to negotiate a settlement that is fair and reasonable under the circumstances.

### What You Will Get Whether Or Not Defendant Sold Your Car.

You will be entitled to receive either (a) a statement credit to your account or (b) a check. Whether you receive a statement credit or check, will depend on two things: whether your account reflects a balance owed to Defendant and, if so, whether the balance owed to Defendant is greater than $150.

*Statement Credit*: If you have a balance on your account with Defendant that is greater than $150, you will receive a statement credit in the amount of $150.

*Check*: If you have no account balance (for example, if (a) you redeemed your vehicle after Defendant repossessed it and paid off the entire account balance, or (b) you reinstated your

2

account and later paid it off), you will be entitled to receive a check for $150. Also, if your account balance is waived as described below, you will receive payment of $150 in addition to the amount described below.

### Additional Value You Will Receive If Defendant Sold Your Car.

If Defendant repossessed your vehicle, sent you a notice substantially similar to the one the Plaintiff alleges in this case was insufficient under applicable law, and then sold or otherwise disposed of your vehicle without sending you a notice that included the phrase "fair market value" before doing so, in addition to the value described above, and you will be entitled to receive both of the two following benefits.

1. *Deficiency Balance Forgiveness*: Defendant will forgive the entirety of any deficiency amount you owe. In total, Defendant will forgive approximately $8.3 million dollars in deficiency balances as part of this Settlement; AND

2. *Check*: You will also be entitled to receive a check in an amount equal to your proportional share of your total possible damages under the Massachusetts Commercial Code from a Settlement Fund of $2,359,050. The amount of these checks will vary in accordance with the amount you financed from Defendant and the interest and charges you agreed to pay. The average check amount for the approximately 2273 Settlement Class Members in this Group will be $712.

**You do NOT need to do anything to receive these benefits.**

**Named Plaintiff Incentive Payment.** The Named Plaintiff will request an incentive payment of $5,000 for her services as a class representative and her efforts in bringing the Lawsuit. If the Court approves the request, the incentive payment will be paid by Defendant in addition to the Settlement Fund.

**Attorneys' Fees.** Counsel for the Settlement Class will seek attorneys' fees and costs from the Settlement Amount of one-quarter (25 percent) of the Settlement Fund, subject to approval by the Court at the Final Approval Hearing referred to below. If the Court approves the request, the fees and costs will be paid from the Settlement Fund in the amount of $736,350.

**Uncashed Checks.** Any uncashed or unclaimed checks from these settlement payments will not revert to Defendant. If approved by the Court, the aggregate amount of any uncashed or unclaimed checks will be divided equally among two organizations, namely: Jump$tart Coalition for Personal Financial Literacy and National Consumer Law Center, Inc.

### THE SETTLEMENT RELEASE—WHAT YOU WILL GIVE UP

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against Defendant. **A RELEASE MEANS THAT YOU WILL NOT BE ABLE TO FILE A LAWSUIT, CONTINUE PROSECUTING A LAWSUIT, OR BE PART OF ANY OTHER LAWSUIT AGAINST DEFENDANT FOR CLAIMS RELATED TO INSUFFICIENT OR UNLAWFUL REPOSSESSION AND DEFICIENCY NOTICES.**

### YOUR RIGHTS - EXCLUDE YOURSELF

If you are a member of the Settlement Class, you are included in the Settlement unless you request to be excluded. If you remain in the Settlement Class and this Settlement is approved by the Court, you will receive the benefits described above. If you do not want to participate in the Settlement, you can exclude yourself or "opt out." If you exclude yourself, you will not receive any benefits from the Settlement, but you will not be bound by any judgment or release in this Lawsuit and will keep your right to sue Defendant on your own if you want. If you exclude yourself, you may not object to the Settlement.

To exclude yourself, you must send a written request that contains your original signature and: **(a)** the name and case number of the Lawsuit, "*Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial,* Case No. 1:18-CV-11895-DJC"; **(b)** your full name, address, and telephone number; (c) your signature and the signatures of all co-borrowers on your account with Defendant; and **(c)** a statement that you, and every co-borrower on the account, does not wish to participate in the Settlement, postmarked no later than [Month Day, Year] to the Settlement Administrator at:

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304

An opt out form is included at the end of this Notice.

**IF YOU DO NOT MAKE A TIMELY AND VALID REQUEST FOR EXCLUSION ACCORDING TO THE PROCEDURES DESCRIBED HEREIN, YOU WILL REMAIN A SETTLEMENT CLASS MEMBER AND BE BOUND BY THE SETTLEMENT.**

### YOUR RIGHTS - OBJECT TO THE SETTLEMENT

If you do not request to be excluded, you may object to the Settlement. You may not do both. You may object in writing before the Final Approval Hearing.

#### Objecting in Writing

To object in writing, send a letter saying that you object to "*Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial,* Case No. 1:18-CV-11895-DJC" to the Settlement Administrator at:

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304

Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the Settlement Administrator so that it is postmarked by [Month] [Day], 2019.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION IN WRITING ACCORDING TO THE PROCEDURES DESCRIBED HEREIN, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS TO THE SETTLEMENT.**

### FINAL APPROVAL HEARING

906224083-1

The Court will hold a hearing on _____ in Courtroom _____ at the United States District Court for the District of Massachusetts, located at 1 Courthouse Way, Boston, MA 02210, to decide whether to give final approval to the Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and costs to Class Counsel; to consider the request for an incentive payment to the Plaintiff; and to consider whether the Settlement Class Members should be bound by the Release and be prohibited from suing over Released Claims.

Please contact the Settlement Administrator or class counsel for any updates about the Settlement generally or the Final Approval Hearing specifically. At that hearing, the Court will hear any Objections and arguments concerning the fairness of the Settlement. You may attend, but you do not have to.

## GETTING MORE INFORMATION

If you have questions or would like more information, you may contact the Settlement Administrator at the postal mailing address: c/o ADMIN, or **call toll-free at 1-844-625-7313**.

You may also contact Class Counsel at the phone number and/or address listed below. Please be advised that Defendant and/or Defendant's Counsel cannot comment or otherwise provide any advice with respect to this Notice or the Settlement.

Any opt-out forms or objections should be sent to the Settlement Administrator, not to the Court. Any questions should be directed either to the Settlement Administrator or to Class Counsel, not to the Court.

**Please do not contact the Judge concerning this case.**

## WHAT IF MY ADDRESS OR OTHER INFORMATION HAS CHANGED OR CHANGES AFTER I RECEIVE MY NOTICE?

It is your responsibility to inform the Settlement Administrator of your updated information so that a check may be sent to you if the settlement is approved. You may do so at the address below:

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304

## IMPORTANT ADDRESSES

### Class Counsel:

Law Office of Nicholas F. Ortiz, P.C
99 High Street, Suite 304
Boston, MA 02110
T: (617) 338-9400
attorney@mass-legal.com

**Defendant's Counsel**:

Charles A. Ognibene
Michael Grant
LeClairRyan PLLC
60 State Street, 23rd Floor
Boston, MA 02109

**Class Administrator:**

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304
toll-free: (844) 625-7313

**Court**:

United States District Court for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

**IMPORTANT DATES**

| | |
|---|---|
| XXXXXXXX | All OPT OUTS/REQUESTS FOR EXCLUSION must be postmarked and mailed to the Settlement Administrator. |
| XXXXXXXX | ANY WRITTEN OBJECTIONS must be postmarked and mailed to the Settlement Administrator. |
| XXXXXXX, at __:__ | FINAL APPROVAL HEARING. |

Dated: XXX XX, 2019

6

Optime Administration LLC

P.O. Box 3206, Brockton, MA 02304                     Must be Post-Marked By: DATE

*Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial*

Case No. 1:18-CV-11895-DJC

(U.S.D.C., D. Massachusetts at Boston)

## OPT OUT FORM

I wish to exclude myself from the Settlement in *Hartwell v. AmeriCredit Financial Services, Inc. d/b/a GM Financial,* Case No. 1:18-CV-11895-DJC. If there are co-borrowers on my account, all have signed this form and also wish to be excluded from this Settlement.

ORIGINAL SIGNATURE: _____ Date (mm/dd/yy): _____

Print full name: _____

Address: _____

City: _____ State: _____ Zip Code: _____

Telephone number: _____


Complete this portion of the form if there are co-borrowers on your account:

Co-borrower (1) full name: _____

Co-borrower (1) signature: _____

Co-borrower (2) full name: _____

Co-borrower (2) signature: _____

Return fully completed form to:

Optime Administration LLC

P.O. Box 3206, Brockton, MA 02304

Is this address different than the one in the Notice you received?: Yes _____ No _____.

906224083-1

Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANIKA HARTWELL,<br>Individually and on behalf of a class<br>of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES,<br>INC. d/b/a GM FINANCIAL,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C. A. NO. 2:15-cv-00517-TSZ |

## [PROPOSED] FINAL ORDER APPROVING
## CLASS ACTION SETTLEMENT AND JUDGMENT

Plaintiff Danika Hartwell ("Plaintiff" or "Class Representative"), through her counsel, has submitted to the Court a Motion for Final Approval of Settlement Agreement which seeks final approval of the parties' Settlement Agreement (the "Final Approval Motion"). Class Counsel also previously submitted their Motion for an Order Awarding Attorneys' Fees, Costs, and Incentive Award. Dkt. No. ___.

This Court preliminarily approved the Settlement Agreement by a Preliminary Approval Order dated _____, 2019. Notice was sent to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order and Settlement Agreement.

This Court has reviewed the papers filed in support of the Final Approval Motion and Motion for Attorneys' Fees, Costs, and Incentive Award, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits. The Court held a hearing on _____, 2019, at which time the parties and all other interested persons were heard in support of the proposed Settlement.

1

Based on the papers filed with the Court and the presentations made to the Court by the parties and by other interested persons at the hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    This Final Order Approving Class Action Settlement and Judgment of Dismissal ("Final Approval Order") incorporates by reference all definitions contained in the Settlement Agreement, and all terms used herein and not otherwise defined shall have the respective meanings ascribed to them in the Settlement Agreement. The Settlement Agreement shall be deemed incorporated herein by this reference.

2.    The Court has jurisdiction over the subject matter of this Lawsuit and over the parties to this Lawsuit, including all Settlement Class Members for purposes of this Lawsuit.

3.    Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies the following class (the "Settlement Class"):

> All accounts subject to a RISC with respect to which GMF sent a notice identical and/or substantially similar to the Representative's Statutory Notice attached as Exhibit A to the Amended Complaint [Dkt. 16], at any time during the Class Period, excluding: (i) any account that includes within the applicable RISC, a provision requiring either party to submit to binding non-class arbitration, (ii) any account an obligor of which received a discharge in Bankruptcy after the date he or she received such a notice, and (iii) any account where GMF has previously obtained a binding release from all obligors or obtained a judgment against all obligors.

Additionally, the Court certifies the following subclass of the Settlement Class (the "Sale Subclass"):

> All accounts within the Settlement Class where GMF repossessed or accepted voluntary surrender of the subject vehicle and then sold, leased, licensed or otherwise disposed of it without sending a

2

presale notice that included the phrase "fair market value" prior to such sale or other disposition.

In this Order, the term "Settlement Class" includes the "Sale Subclass" where appropriate.

4.      For settlement purposes only, this Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, and more specifically that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to the Court's Preliminary Approval Order, the approved Class Notice was mailed to the Settlement Class. The Court has determined that the Class Notice given to members of the Settlement Class fully and accurately informed members of the Settlement Class of all material elements of the proposed Settlement; constituted valid, due, and sufficient notice to all members of the Settlement Class; and fully complied with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

6.      The Court, having considered the relevant papers, including Plaintiff's Final Approval Motion, and any objections filed by members of the Settlement Class, finds that this Settlement, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court therefore

grants final approval to the Settlement of this Litigation in accordance with the terms of the Settlement Agreement.

7.    The Court orders the parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement.

8.    The Court dismisses the Lawsuit, and all claims and causes of action asserted therein, on the merits and with prejudice. This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

9.    This Final Approval Order and Final Judgment of dismissal with prejudice set forth herein is binding on all Settlement Class Members.

10.    Plaintiff and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims described in the Settlement Agreement against any of the Released Parties.

11.    The Court adjudges that the Class Representative and all Settlement Class Members shall, to the extent provided in the Settlement Agreement, conclusively be deemed to have released and discharged the Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GMF") and all other Released Persons from any and all of the Released Claims as provided in the Settlement Agreement.

12.    Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this

4

Settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

13.     The Plaintiff and Class Counsel have moved for an award of attorneys' fees and costs of _____ and expenses in the amount of _____. Dkt. No. ___. The Court finds that Class Counsel's requested award of attorneys' fees, costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in this amount. The Court directs the Settlement Administrator to disburse this amount to Class Counsel from the Settlement Fund as provided in the Settlement Agreement.

14.     The Plaintiff has moved for an Incentive Award of _____. Dkt. No. ___. The Court finds that the requested Incentive Award is fair and reasonable, and the Court approves the Incentive Award in this amount. The Court directs the Settlement Administrator to disburse this amount to the Plaintiff from the Settlement Fund as provided in the Settlement Agreement.

15.     Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by GMF of any fault, omission, liability, or wrongdoing. This Final Approval Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by GMF. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Settlement Class Members or GMF.

16.     Settlement Class Members were given an opportunity to object to the Settlement and to the attorneys' fees petition. There being no objections to either, the Court finds that no just reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order.

17.     Should the Settlement not become effective and final in accordance with its terms, this Final Approval Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

SO ORDERED, on this, the ____ day of _____, 2019.


_____
HONORABLE DENISE J. CASPER
UNITED STATES DISTRICT COURT JUDGE