UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIKA HARTWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC. d/b/a GM FINANCIAL,<br><br>Defendant. | NO. 1:18-CV-11895-DJC<br><br>[~~PROPOSED~~] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT |

Plaintiff Danika Hartwell ("Plaintiff" or "Class Representative"), through her counsel, has submitted to the Court an Unopposed Motion for Approval of Class Action Settlement and Application for Attorneys' Fees and Costs, which seeks final approval of the parties' Settlement Agreement (the "Final Approval Motion").

This Court preliminarily approved the Settlement Agreement by a Preliminary Approval Order dated May 13, 2019. Notice was sent to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order and Settlement Agreement.

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits. The Court held a hearing on August 28, 2019, at which time the parties and all other interested persons were heard in support of the proposed Settlement.

Based on the papers filed with the Court and the presentations made to the Court by the parties and by other interested persons at the hearing, it appears to the Court that the Settlement

1

Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Order Approving Class Action Settlement and Judgment of Dismissal ("Final Approval Order") incorporates by reference all definitions contained in the Settlement Agreement, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement. The Settlement Agreement shall be deemed incorporated herein by this reference.

2. The Court has jurisdiction over the subject matter of this Lawsuit and over the parties to this Lawsuit, including all Settlement Class Members for purposes of this Lawsuit.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies the following Settlement Class and Subclass:

   a. *Settlement Class*: All accounts subject to a RISC with respect to which GMF sent a notice identical and/or substantially similar to the Representative's Statutory Notice attached as Exhibit A to the Amended Complaint [Dkt. 16], at any time during the Class Period, as that term is defined in the Settlement Agreement excluding: (i) any account that includes within the applicable RISC, a provision requiring either party to submit to binding non-class arbitration, (ii) any account an obligor of which received a discharge in Bankruptcy after the date he or she received such a notice, and (iii) any account where GMF has previously obtained a binding release from all obligors or obtained a judgment against all obligors.
   b. *Sale Subclass*: All accounts within the Settlement Class where the subject vehicle was sold, leased, licensed or otherwise disposed of by GMF (the "Sale Subclass").

4. For settlement purposes only, this Court finds that the Settlement Class (which term includes the Sale Subclass) satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, and more specifically that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the

claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to the Court's Preliminary Approval Order, the approved Class Notice was mailed to the Settlement Class. The Court has determined that the Class Notice given to members of the Settlement Class fully and accurately informed members of the Settlement Class of all material elements of the proposed Settlement; constituted valid, due, and sufficient notice to all members of the Settlement Class; and fully complied with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

6. No objection was filed by any member of the Settlement Class. The Court, having considered the relevant papers, including Plaintiff's Final Approval Motion, finds that this Settlement, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court therefore grants final approval to the Settlement in accordance with the terms of the Settlement Agreement.

7. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement.

8. The Court dismisses the Lawsuit, and all claims and causes of action asserted therein, on the merits and with prejudice. This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

9.   This Final Approval Order and Final Judgment of dismissal with prejudice set forth herein is binding on all Settlement Class Members.

10.   Plaintiff and all Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against any of the Released Parties, as those terms are defined in the Settlement Agreement.

11.   The Court adjudges that the Class Representative and all Settlement Class Members shall, to the extent provided in the Settlement Agreement, conclusively be deemed to have released and discharged the Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial and all other Released Persons from any and all of the Released Claims as provided in the Settlement Agreement.

12.   Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

13.   The Plaintiff and Class Counsel have moved for an award of attorneys' fees and costs of $736,350. The Court finds that Class Counsel's requested award of attorneys' fees, costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in this amount. The Court directs the Settlement Administrator to disburse this amount to Class Counsel from the Settlement Fund as provided in the Settlement Agreement.

14. The Plaintiff has moved for an Incentive Award of $5,000. The Court finds that the requested Incentive Award is fair and reasonable, and the Court approves the Incentive Award in this amount. The Court directs the Settlement Administrator to disburse this amount to the Plaintiff from the Settlement Fund as provided in the Settlement Agreement.

15. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Defendant of any fault, omission, liability, or wrongdoing. This Final Approval Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by Defendant. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Settlement Class Members or Defendant.

16. Settlement Class Members were given an opportunity to object to the Settlement and to the attorneys' fees petition. There being no objections to either, the Court finds that no just reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order.

17. Should the Settlement not become effective and final in accordance with its terms, this Final Approval Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

SO ORDERED, on this, the 28th day of August, 2019.

_____
HONORABLE DENISE J. CASPER
UNITED STATES DISTRICT COURT JUDGE